HAKE *v*. ARK. STATE MEDICAL BOARD.

5-3086                                    374 S. W. 2d 173

Opinion delivered January 13, 1964.

*Brown, Compton & Prewett,* for appellant.

*Warren & Bullion,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from order revoking a license to practice medicine. On June 11, 1962, appellant Orin Joseph Hake was sent a letter by appellee's secretary advising appellant that a complaint had been filed with appellee, the Arkansas State Medical Board, relative to an alleged malpractice and requesting appellant to appear before that board on June 14th. The letter stated in part that, "no formal action will be taken against you at this meeting. The Board simply wishes to discuss this complaint with you and determine if there is sufficient evidence for proceedings to be instituted against you for revocation of your license." Appellant appeared at this meeting. Thereafter a formal complaint was filed against appellant and an order to show cause and an order of suspension were issued, with hearing set for July 26, 1962, before the appellee board. Appellant appeared at this reported hearing with counsel and at a later hearing on November 15, 1962. On November 21, 1962, an order revoking appellant's license to practice medicine and surgery in the State of Arkansas was served upon appellant. Appellant then petitioned Pulaski Circuit Court for a writ of certiorari, which was granted. Upon review, the Circuit Court on April 12, 1963, affirmed the action of the board, from which appellant has prosecuted this appeal.

For reversal appellant urges that the circuit court erred in affirming the Medical Board's action in revoking appellant's license to practice medicine in the State of Arkansas.

The Medical Practice Act, at Ark. Stat. Ann. § 72-613 (Repl. 1957), sets out fifteen grounds for revocation, suspension or refusal to issue licenses. More than one of these grounds were included in the serious and somewhat sensational charges against appellant. Section 72-614 provides for the filing of complaints, hearing and appeal. The last of this section reads as follows:

"All evidence considered by the Board shall be reduced to writing and available for the purpose of appeal or certiorari to any of the parties of said hearing. Nothing herein shall be construed so as to deprive any

person of his rights without full, fair and impartial hearing."

The Order of Revocation recites:

"As a result of the observation of the respondent, conversations with him, and oral examination of him, as well as the evidence adduced at the hearing, the Board is unanimously of the opinion that Orin Joseph Hake is mentally and emotionally incompetent to practice medicine; that the safety of the people of the community in which he practices will be endangered by his continuing to practice medicine. The Board further finds that said Orin Joseph Hake has been guilty of grossly negligent and incompetent malpractice and that his license to practice medicine in the State of Arkansas should be cancelled and revoked."

The concensus of appellant's argument is that there is absolutely no evidence in the record to substantiate the findings and rulings of the board. Appellee urges that the board, as an administrative body, and as is also provided in the Medical Practice Act in § 75-615, ". . . shall not be bound by strict or technical rules of evidence . . ."; that the board's finding of mental and emotional incompetency is the medical opinion of the nine doctor-members which they are competent, as doctors, to make. We cannot say that either argument as such is completely without merit. We fully understand the justice of informal hearings on complaints to determine whether a formal complaint should be filed, and that the power to suspend a doctor's license pending hearing on a formal complaint is necessary for the safety of the community where a doctor practices. However, we are equally cognizant that the right to practice medicine is a valuable property right not to be treated lightly.

In *Bockman* v. *Ark. State Medical Board,* 229 Ark. 143, 313 S. W. 2d 826, this court stated:

"The appellant contends that the board's findings of fact are not sustained by any substantial competence evidence. Upon this point it is our rule in proceedings like this one that the board's action will not be set aside

on certiorari unless there is an entire absence of evidence to sustain the findings, in which case the board's action will be deemed arbitrary. *Hall* v. *Bledsoe*, 126 Ark. 125, 189 S. W. 1041; *Eclectic State Med. Bd.* v. *Beatty*, 203 Ark. 294, 156 S. W. 2d 246.''

In *Kuhl* v. *Ark. Bd. of Chiropractic Examiners*, 236 Ark. 58, 364 S. W. 2d 790, after quoting the above language of the *Bockman* case, the court added:

''But even so, we would send this case back to the Board of Chiropractic Examiners for a new trial if it appeared that appellants did not receive a fair trial, . . .''

In *McKay* v. *State Board*, 103 Colo. 305, 86 P. 2d 232, a similar case, the Colorado Supreme Court said:

''. . . the law which the board acted contemplates a review of the board's action by a court presumably not expert in medical matters, with authority in the court to determine whether the board regularly pursued its authority or abused its discretion. Without testimony by an expert the court cannot determine the limits of proper treatment in good faith of one possessing ordinary skill nor can it assume that the board members out of their own individual knowledge and skill correctly fixed the limits within which one might prescribe in these particular cases and be within the bounds of ordinary care and skill so that good faith might be presumed, and beyond which good faith and ordinary skill could not both be successfully asserted. Such matters being only within the knowledge of experts must be shown by testimony of experts appearing in the record.''

. . .

''. . . It does not appear in the evidence that such treatment for a patient in her condition was not proper, judged by sound and recognized medical standards. The board says that in its opinion it was not, but until there was competent evidence to support it, the board was not authorized to form such an opinion and exceeded its authority in so doing.''

In the case at bar, the record furnished no factual standard for the board's conclusions and no standard for this court to determine wheher the acts charged amounted to malpractice and no standard for the board's opinion as to appellant's mental and emotional incompetency to practice medicine. From the record before us, it seems that the findings and opinion of the board are based on testimony or conversation or other matters which arose or were presented at the first informal and unreported hearing. (A minute scraping of the record might yield some scintilla of evidence to substantiate some of the findings of the board, but this would hardly be compatible with the provisions of the Medical Practice Act which assures that no person will be deprived of his rights without full, fair and impartial hearing.) We have uniformly held that while administrative tribunals are not bound by strict or technical rules of evidence, there must be evidence in the record to sustain the findings of the administrative board. In addition, the Medical Practice Act specifically provides that ''[a]ll evidence considered by the Board shall be reduced to writing and available for the purpose of appeal or certiorari to any of the parties of said hearing.'' There is a virtual absence of evidence in the record to sustain the board's findings, as well as no expert testimony to provide a standard for the board's medical opinions. The valuable property rights here involved cannot be taken from appellant upon such questionable compliance with due process. Accordingly the case must be reversed. However, the health and welfare of an entire community demands that the cause be remanded. Therefore this cause will be remanded, through the circuit court, to the board, to the end that the board may have a new hearing upon evidence competent before such an administrative body consistent with this opinion, pending which appellant's license to practice medicine in the State of Arkansas shall remain suspended pursuant to the board's original order of suspension of June 25, 1962.

McFADDIN, J., concurs.