# ARKANSAS STATE MEDICAL BOARD
## *v.* Garnett LEONARD

79-233                                              590 S.W. 2d 849

Opinion delivered November 5, 1979
[Rehearing denied December 10, 1979.]

*Eugene R. Warren* and *Cearley, Gitchell, Bogard, Mitchell & Bryant,* for appellant.

*McArthur & Lassiter, P.A.,* for appellee.

FRANK HOLT, Justice. Appellant charged appellee with

grossly negligent malpractice in prescribing Schedule II drugs in violation of Ark. Stat. Ann. § 72-613 (e) (g) (Supp. 1977) and with violation of both the State and Federal Controlled Substances Acts. Appellant issued an order directing appellee to appear before the Board (34 days later) and show cause why his license to practice medicine should not be revoked. On the date set for the hearing, appellee renewed his request for a continuance, insisting that the large number of prescriptions in question required additional time for trial preparation. Appellant granted appellee's request for a continuance on the condition that appellee refrain from prescribing Schedule II drugs pending the hearing. Appellant, however, refused appellee's request for a closed hearing unless compelled by the courts to do so. Thereupon, appellee filed a petition for a writ of certiorari in the circuit court seeking a reversal of appellant's order restricting his prescribing practices and refusal to hold a closed hearing. The court ruled that the Board had no authority to restrict appellee's prescribing practices prior to the hearing on the show cause order and that the appellee could continue his practice without restriction until a hearing was held before the Board. The court also ordered that the hearing be closed.

Appellant first contends that the lower court erred in holding the physician-patient privilege mandated a closed hearing. Ark. Stat. Ann. § 28-1001, Rule 503 (b) (c) (Repl. 1979), which codifies the privilege, provides:

(b) A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

(c) The privilege may be claimed by the patient, his guardian or conservator, or the personal representative of a deceased patient. The person who was the physician or psychotherapist at the time of the communica-

tion is presumed to have authority to claim the privilege but only on behalf of the patient.

The policy behind this privilege is to encourage patients to communicate openly with their physicians and to prevent physicians from revealing the infirmities of their patients. *Mutual Life Ins. Co.* v. *Owen*, 111 Ark. 554, 164 S.W. 720 (1914); 81 Am. Jur. 2d, Witnesses, § 231; 8 Wigmore, Evidence § 2380 (McNaughton rev. 1961).

In insisting on a closed hearing, appellee argues that he only seeks to preserve the confidentiality of his patient and that this can result only from a closed hearing. It is true that appellee, by oath and statute, must guard or preserve the confidentiality of his patient so long as the patient claims the privilege. However, any right appellee has to invoke the privilege exists whether the hearing is open or closed. Further, the assertion of the privilege in an open hearing may or may not necessitate closing the hearing while certain matters are discussed. As appellant correctly observes, there is "but slight connection between the patient-physician privilege rule and the question of an open or closed hearing." In our view, Rule 503 (b) (c) does not, contrary to appellee's assertion, mandate that a hearing be initially closed. Consequently, the court erred in holding that the mere existence of the privilege mandated a closed hearing. As pointed out by the appellee, the applicability of the Freedom of Information Act was presented to the trial court; however, that issue is not raised here by appellant.

Appellant next asserts that the court erred in holding that the Board had no authority to restrict appellee's prescribing practices by granting him a continuance on the condition that he not prescribe Schedule II drugs in the interim. When appellee initially requested a continuance, the Board advised that its policy was not to continue a hearing where a physician was charged with excessive prescribing of Schedule II drugs unless the physician agreed not to prescribe Schedule II drugs in the interim. On the hearing date, the Board reiterated its policy and then granted the conditional continuance. There is nothing in the record indicating whether the continuance was by agreement, as asserted by

appellant, or that the condition for a continuance was with appellee's acquiescence. No written order was entered.

The Board clearly has the authority to revoke or suspend a physician's license if it finds that the physician has committed an act, as alleged here, which is defined to be "unprofessional conduct" by the statute. § 72-613. The Board also has the authority to summarily suspend a license pending a hearing if it finds that emergency action is required and "incorporates a finding to that effect in its order." Ark. Stat. Ann. § 5-712 (Repl. 1976).

It is true that appellee's license to practice medicine was not suspended under either of the above statutes. Here the Board, as an agency of the State, granted appellee's renewed request for a postponement of the scheduled hearing upon the condition he refrain from prescribing a certain class of narcotics in the interim. The Board's position is that the drugs being prescribed had a high potential for abuse which could result in severe psychic or physical dependence and addiction. Public policy requires strict regulation and close scrutiny of the dispensation of narcotic drugs. *Hosto* v. *Brickell,* 265 Ark. 147, 577 S.W. 2d 401 (1979). Here the Board, although apparently prepared at the hearing to hear evidence on the charges enumerated in its show cause order, granted appellee's renewed request for a continuance merely to accommodate appellee for additional time to prepare his defense. Suffice it to say that granting of the continuance here was a matter of grace and not a right. We are of the view that the court erred in holding the Board had no authority to temporarily restrict appellee's prescribing practices as a condition to granting a continuance.

Reversed and remanded.

HARRIS, C.J., not participating.

PURTLE, J., dissenting in part.

JOHN I. PURTLE, Justice, dissenting. I concur with the majority in holding appellant is not entitled to have a completely closed hearing in this matter. No doubt the trial court

will protect appellee and his patients from being forced to openly divulge confidential information which is privileged. Whether numbers are used to identify patients or truly privileged information is prohibited from being made public by other means does not require the entire proceeding to be closed.

I dissent from that part of the majority opinion which allows the Board to revoke appellee's license prior to a hearing. Ark. Stat. Ann. § 72-613 (Supp. 1977) provides the Board may suspend a license if it finds the holder of the license has committed certain acts. There has been no such finding here as was pointed out by the trial court. Appellee requested a continuance, which the Board apparently granted without any written findings of any nature. At this point the appellee has not been found to have violated any law, rule or regulation. In my opinion, he stands exactly as he did before a complaint was filed. In effect, the Board revoked his license without a full and fair hearing as required by Ark. Stat. Ann. § 62-614 (Supp. 1977). The Board is further required to reduce the evidence to writing, which record must contain some evidence to support their finding. *Hake* v. *Arkansas State Medical Board,* 237 Ark. 506, 374 S.W. 2d 173 (1964). Neither did the Board comply with Ark. Stat. Ann. § 5-712 (Repl. 1976) by issuing an order based upon findings of fact.

When appellee appeared at the hearing and requested a continuance, the Board had the right to agree to a continuance upon certain conditions, grant the continuance outright or conduct a hearing. Instead, they issued a unilateral order that it granted the continuance upon condition. The condition was that they would take the doctor's license to prescribe certain drugs pending a hearing. There is no statutory authority for such action. Therefore, I am of the opinion appellee should have the right to continue full practice until he has had a full and fair hearing.