180

Shari Sue FINNEY *v.* STATE of Arkansas

CA CR 81-92                        623 S.W. 2d 847

Court of Appeals of Arkansas
Opinion delivered November 18, 1981

*Wayne R. Williams* of *Williams & Williams,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. Appellant was charged in Clark County Circuit Court with violating Ark. Stat. Ann. § 82-2619 (a) (2) (Supp. 1979), by obtaining a controlled substance by forgery from a pharmacy in Arkadelphia, Arkansas. The jury found her guilty and she was sentenced to six years in the Arkansas Department of Corrections.

Appellant presented herself at a physician's office in Gurdon, Arkansas, complaining of various symptoms which resulted in the physician prescribing a scheduled II drug for her. The evidence indicated that she obtained several blank prescription forms from the physician's office and later filled in the blank forms and obtained additional drugs with the forged prescription. Appellant gave a statement to the police and it was introduced into evidence. The physician from whom she obtained the original prescription and from whose office she obtained the blank prescription forms, testified as to the circumstances surrounding her visit to his office and her opportunity to obtain the prescription forms.

The only point for reversal is that the trial court should not have allowed the physician to testify about information received from appellant without appellant's waiver of the physician-patient privilege. We find this argument to be without merit and therefore we affirm.

The state cites *Edwards v. State,* 244 Ark. 1145, 429 S.W. 2d 92 (1968) as controlling on this issue. We agree that the logic of that case is persuasive here. In the *Edwards* case, the appellant faked a robbery and contended he had been hit on the head by the thief. The Supreme Court construed Ark. Stat. Ann. § 28-607 (Repl. 1962) which provided a privilege for patients relating to any "information which the physician may have acquired from his patient while attending in a professional character 'and which information was necessary to enable him to prescribe as a physician. . . ' ". The Court held that the testimony of the physician who treated Edwards was admissible and stated:

> [T]he purpose of the privilege is to permit a patient to communicate freely with his physician about his disease and to prevent physicians from disclosing the infirmities of their patients. *Mutual Life Insurance Company v. Owen,* 111 Ark. 554, 164 S.W. 720 (1914). Neither reason has the slightest relevancy here. Edwards, who did not testify or offer any witnesses at the trial below, obviously had no basis for communicating with Dr. Baker about his disease, because he knew

perfectly well that he had none. To permit one in such a situation to feign injury and then exclude the doctor's testimony would enable a criminal to conceal by deliberate falsehood the most trustworthy evidence of his offense. As we said in the *Wimberly* case, *supra*: 'It could not have been intended by the Legislature that... the Act should be the means of protecting a criminal from just punishment.'

Appellant seeks to distinguish the *Edwards* case on the theory that it was decided prior to the adoption of the Uniform Rules of Evidence by the legislature. Appellant argues that the testimony in *Edwards* was admissible since Edwards' condition was an element of his defense. Although obtaining the prescription forms is not an element of the forgery, the testimony was certainly relevant in showing the appellant's plan and opportunity to obtain the prescription forms.

The physician-patient privilege is now codified in the Uniform Rules of Evidence, Rule 503, Ark. Stat. Ann. § 28-1001 (Repl. 1979). This rule provides that "confidential communications made for the purpose of diagnosis or treatment of [a patient's] ... condition ... " are generally privileged information and cannot be disclosed without the patient's consent. There are a number of exceptions, but they are not relevant to this case.

The purpose of the physician-patient privilege under the Uniform Rules of Evidence is the same as the purpose of the physician-patient privilege under Ark. Stat. Ann. § 28-607 (Repl. 1962). The policy behind the physician-patient privilege is to encourage patients to communicate openly with their physicians and to prevent the physicians from revealing the infirmities of the patient. *Arkansas State Medical Bd. v. Leonard*, 267 Ark. 61, 590 S.W. 2d 849 (1979). We hold that the trial court was correct in allowing the physician to testify concerning his contact with the appellant. We hold that the physician-patient privilege under Rule 503 of the Uniform Rules of Evidence does not exclude the physician's testimony in this case.

Affirmed.