LONGVIEW PRODUCTION COMPANY *v.*
Dub DUBBERLY, *et al.*

03-156                                                    99 S.W.3d 427

Supreme Court of Arkansas
Opinion delivered March 10, 2003

P ER CURIAM. On February 11, 2003, the United States District Court for the Western District of Louisiana filed with this court a motion to certify a question of law and certification order pursuant to Rule 6-8 of the Rules of the Supreme Court and Court of Appeals. Rule 6-8 was adopted in 2002 pursuant to Section 2 (D) (3) of Amendment 80 to the Arkansas Constitution: "The Supreme Court shall have original jurisdiction to answer questions of state law certified by a court of the United States which may be exercised pursuant to Supreme Court rule." The pending motion is the first filed pursuant to this provision and presents the first opportunity for this court to consider its application.

At the outset, we note observations made by other courts concerning the certification process.

> The growth of the Uniform Certification of Questions of Law Act has largely been a response to the Abstention Doctrine, which was a necessary outgrowth of *Erie Railroad · v. Tompkins*, 304 U.S. 64 (1938). In *Erie*, the Court held that in diversity cases federal courts were no longer "free to exercise an independent judgment as to what the common law of the State is or

should be; . . ." but must apply the substantive law as evolved by the state either through its statutes or its court decisions.

*Morningstar v. Black and Decker Manufacturing,* 162 W. Va. 857, 253 S. E. 2d 666, 669 (W. Va. 1979).

> Many commentators have noted the benefits of certification. The procedure: (i) allows federal courts to avoid mischaracterizing state law (thereby avoiding a misstatement that might produce an injustice in the particular case and potentially mislead other federal and state courts until the state supreme court finally, in other litigation, corrects the error); (ii) strengthens the primacy of the state supreme court in interpreting state law by giving it the first opportunity to conclusively decide an issue; (iii) avoids conflicts between federal and state courts, and forestalls needless litigation; and (iv) protects the sovereignty of state courts. (*See, e.g.,* Braun, *A Certification Rule for California* (1996) 36 Santa Clara L.Rev. 935, 937-942; Schneider, *"But Answer Came There None": The Michigan Supreme Court and the Certified Question of State Law* (1995) 41 Wayne L.Rev. 273, 299-301; see also Goldschmidt, *Certification of Questions of Law: Federalism in Practice* (1995 Amer. Judicature Soc'y.) pp. 3-10.)

Los Angeles Alliance for Survival v. City of Los Angeles, 22 Cal. 4th 352, 993 P. 2d 334, 338 (Cal. 2000).

■ Certification will only be necessary when our substantive law is unclear on an issue "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." Rule 6-8(a)(2).

> [O]ur sister-state high courts overwhelmingly have rejected contentions that in answering a certified question a court issues an improper advisory opinion. The weight of authority holds that a high court's answer to a certified question is *not* an improper advisory opinion so long as (i) a court addresses only issues that are truly contested by the parties and are presented on a factual record; and (ii) the court's opinion on the certified question will be dispositive of the issue, and *res judicata* between the parties. (See, e.g., *Schlieter v. Carlos* (1989) 108 N.M. 507, 775 P.2d 709, 710; *Wolner v. Mahaska Industries, Inc.* (Minn.1982) 325 N.W.2d 39, 41; *Elliott, supra,* 74 Wash.2d 600, 446 P.2d 347, 354-355; *see generally* Braun, *supra,* 36 Santa Clara L.Rev. 935, 947.)

*Los Angeles Alliance*, 993 P. 2d at 338-39.

■ Acceptance of certification is a matter of judicial discretion, and this court will accept certification of a question of Arkansas law only where all facts material to the question of law to be determined are undisputed, and there are special and important reasons therefor, including, but not limited to, any of the following:

> 1. The question of law is one of first impression and is of such substantial public importance as to require a prompt and definitive resolution by this court.
>
> 2. The question of law is one with respect to which there are conflicting decisions in other courts.
>
> 3. The question of law concerns an unsettled issue of the constitutionality or construction of a statute of this State.

*See* Pennsylvania Supreme Court's *Internal Operating Procedures Regarding Certification of Questions of Law.*

■ As to the pending motion before the court, it concerns an unsettled issue of the construction of a statute. Therefore, we accept the certification. As stated by the federal district court, the question is: "Does the phrase 'person or persons' in Ark. Code Ann. § 18-44-211 ('Act 513') include a limited liability company, in light of Ark. Code Ann. § 18-44-202 ('Act 615'), the language of which clearly provides a lien to a 'person, corporation, firm, association, partnership, materialman, artisan, laborer, or mechanic?'" To that statement of the issue, we note that the certifying court points out that in 1837 the Arkansas General Assembly enacted a provision for construction of Arkansas Acts that states the following: "[w]hen any subject matter, party, or person, is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included." Ark. Code Ann. § 1-2-203(a). The federal district court points out that this rule of construction applies "in all cases," Ark. Code Ann. § 1-2-201, and asserts that the conflict presented by these statutes, viewed collectively, is as follows: whether the general rule of statutory construction applies, or whether the Arkansas General Assembly intended to carve out

an exception to this rule by its use of the phrase "person or persons" in Act 513 and its contemporaneous use of the phrase "person, corporation, firm, association, partnership, materialman, artisan, laborer, or mechanic" in Act 615? This *per curiam* order constitutes notice of our acceptance of the certification as herein reformulated. No portion of the record is to be filed at this time.

In considering this motion, we have concluded that Rule 6-8 may need to be supplemented to provide additional procedural details, but the prudent course of action appears to be to have further experience with this new procedure before considering amendments to the rule. A Rule 6-8 matter is an original action involving questions of law only. For purposes of the pending proceeding, the following requirements are imposed:

A. Time limits under Rule 4-4 will be calculated from the date of this *per curiam* order accepting certification. The plaintiff in the underlying action, Longview Production Company, is designated the moving party and will be denoted as the "Petitioner," and its brief is due 30 days from the date hereof; the defendants, Oil Field, *et al.*, shall be denoted as the "Respondent," and its brief shall be due 30 days after the filing of Longview's brief, and Petitioner may file a reply brief within 15 days of Respondent's filing. The Attorney General and any other interested parties filing *amicus curiae* briefs (see D, below) shall file briefs at the same time as the Respondent's brief.

B. The briefs shall be as in other cases except for the content. Only the following items required in Rule 4-2(a) shall be included:

(3) Point on appeal which shall correspond to the "certified question of law to be answered" in the federal district court's certification order, as reformulated.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the "facts relevant to the certified question of law" as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if the court concludes that it will be helpful for presentation of the issue.

D. Rule 4-6 with respect to *amicus curiae* briefs will apply. Because the certified question involves statutory interpretation, a copy of this *per curiam* order accepting the certification will be sent to the Arkansas Attorney General, and that office shall prepare an *amicus curiae* brief on the issue.

E. This matter will be processed as any case on appeal and will not be given any special priority.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondents.

CORBIN, J., not participating.