DONALD L. CORBIN, Justice. |,Appellant Patrick Roberson appeals two orders of the Phillips County Circuit Court, granting a petition for writ of mandamus and declaratory judgment filed by appellee Derrick Turner; finding that, pursuant to Arkansas Code Annotated section 7-5-111 (Supp.2013), Roberson was disqualified as a candidate from the position of Helena-West Helena City Treasurer; and denying his motion to withdraw from the Justice of the Peace election in Phillips County. For reversal, Roberson argues that the circuit court erred (1) in disqualifying him from seeking re-election as Helena-West Helena City Treasurer; (2) in denying a motion to dismiss a petition for writ of mandamus and for declaratory judgment and injunction filed by Turner; (3) in disallowing a witness to testify; and (4) in denying Roberson’s request to withdraw from the Justice of the Peace election. Pursuant to Arkansas Supreme Court Rule | gl — 2(a)(4) (2014), this court has jurisdiction, as this appeal pertains to an election and election procedures. We affirm in part and dismiss in part. In the summer of 2013, the Arkansas legislature passed Act 1471, codified at Arkansas Code Annotated section 7-5-111, which states that “[a] person shall not run for election for more than one (1) state, county, or municipal office if the elections are to be held on the same date.” Prior to March 2014, Roberson filed for re-election as a candidate for Justice of the Peace. Subsequently, he also filed for re-election as a candidate for the office of Helena-West Helena City Treasurer. Roberson was the incumbent in both races. .On October 7, 2014, Turner, as a candidate for Helena-West Helena City Treasurer, filed a petition for writ of mandamus and for declaratory judgment and injunction against the Phillips County Election Commission and others, seeking to remove Roberson’s name from the ballot or, alternatively, refusing to count the votes, and arguing that Roberson’s actions violated section 7-5-111. On October 31, 2014, the circuit court held a hearing on Turner’s petition, and all parties appeared. At the hearing, Roberson made an oral motion to withdraw from the Justice of the Peace election, but the circuit court did not rule on the oral motion. The circuit court also denied Roberson’s motion to dismiss at the close of Turner’s case. After the hearing, Roberson filed a “Motion for Ruling on Authority to Withdraw from Justice of the Peace Election” with the circuit court. The circuit court entered its order, ruling that “a person cannot run for more than one state office, one county office, or one municipal office if the elections are held on the same day.” The court disqualified Roberson from the city-treasurer position, ordered the votes to labe tallied, and stated that the results would not be certified until this court rules on appeal. In a separate order, the circuit court denied Roberson’s motion to withdraw from the Justice of the Peace election and ruled that Roberson was first qualified to run for Justice of the Peace in May 2014 and that he was not qualified to run for City Treasurer in August 2014. Roberson timely filed a notice of appeal, and Turner timely filed his notice of cross-appeal of the portion of the circuit court’s order stating that “the votes for Mr. Roberson and Mr. Turner will be counted by the election commission and the results will not be certified until the Arkansas Supreme Court rules on an appeal.” On November 3, 2014, Roberson filed a motion for expedited appeal and for shortening the period of time for briefing and a motion for filing partial record with this court. On November 5, 2014, this court granted Roberson’s motions and took the motions as a case. On November 6, 2014, Chalk. S. Mitchell, Phillips County Attorney, gave this court notice regarding the unofficial 2014 general-election results filed with the Phillips County Clerk. Roberson won the election by 70.73% of the vote to Turner’s 29.27%. In an affidavit, Phillips County Election Commissioner Allen R. Martin stated that the votes had been tallied by the election commission but had not yet been certified, as it was ordered to wait until this court rules on an appeal. Because certification has not yet occurred, we are not precluded from considering the merits of Roberson’s appeal. On appeal, Roberson argues that the circuit court erred (1) in disqualifying him from seeking re-election as treasurer of the City of Helena-West Helena; (2) in refusing to dismiss Turner’s petition as there was insufficient proof to disqualify Roberson; (3) in refusing to |4permit a witness to testify as to his knowledge on the intent of the statute; and (4) in denying Roberson’s request for alternative relief to withdraw from the Justice of the Peace ballot. Because Roberson’s first two arguments hinge on the statutory interpretation of section 7-5-111, we will discuss those points in tandem. This court reviews the circuit court’s statutory interpretation de novo, because it is for this court to determine the meaning of a statute. Swenson v. Kane, 2014 Ark. 444, 447 S.W.3d 118. The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. Berryhill v. Synatzske, 2014 Ark. 169, 432 S.W.3d 637. We construe statutes so that, if possible, every word is given meaning and effect. Dachs v. Hendrix, 2009 Ark. 542, 354 S.W.3d 95. If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. Simpson v. Cavalry SPV I, LLC, 2014 Ark. 363, 440 S.W.3d 335. When a statute is clear, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. Cave City Nursing Home, Inc. v. Ark. Dep’t of Human Servs., 351 Ark. 13, 89 S.W.3d 884 (2002). Statutes relating to the same subject should be read in a harmonious manner if possible. Carroll v. Hobbs, 2014 Ark. 395, 442 S.W.3d 834 (per curiam). Arkansas Code Annotated section 7-5-111 plainly states that “[a] person shall not run for election for more than one (1) state, county, or municipal office if the elections are to be held on the same date.” Here, the phrase, “more than one” means two or more, and “state, county, or municipal” are adjectives modifying the word “office.” See id. In other words, |sthe plain language of section 7-5-111 dictates that Roberson was prohibited from running for two offices — in this instance, Justice of the Peace, a county office, and Helena-West Helena City Treasurer, a city office — when elections for both offices were held on November 4, 2014. Roberson claims that he was permitted to run for both offices because other statutes contemplate a dual-office holder. For example, Arkansas Code Annotated section 21 — 5—10T(a)(1) (Repl.2004) provides that “[a] person holding more than one (1) elective office shall be .entitled to receive compensation from only one (1) of the offices held.” In reading section 21-5-107 harmoniously with section 7-5-111, Roberson could hold two offices (1) if the elections were not held on the same date, and (2) if he received compensation for only one office. Given this criteria, Roberson testified that he received compensation for only one office, but he has failed to prove, under section 7-5-111, how he can hold both offices simultaneously when elections for both offices were held on November 4, 2014. Therefore, under these specific circumstances, we hold that the circuit court properly ruled that, pursuant to section 7-5-111, Roberson was disqualified from the position of Helena-West Helena City Treasurer. Because the circuit court properly interpreted section 7-5-111 and disqualified Roberson from the city-treasurer race, we hold that the circuit court did not err by denying Roberson’s motion to dismiss. For the third point on appeal, Roberson argues that the circuit court erred in refusing to allow State Representative Chris Richey to testify about the legislative intent behind section 7-5-111. However, in his reply brief, Roberson withdrew this argument; therefore, |fiwe decline to address the merits of this point on appeal. For his fourth point on appeal, Roberson asserts that the circuit court erred when it denied his motion to retroactively withdraw from the Justice of the Peace election in order to run for the Helena-West Helena City Treasurer position. We hold that this argument is moot because the election for Justice of the Peace has already occurred, Roberson was elected to the position, and there was no stay of the certification of the results for the Justice of the Peace position. Cf. Ball v. Phillips Cnty. Election Comm’n, 364 Ark. 574, 222 S.W.3d 205 (2006). We decline to address any mootness exceptions, as the instant case does not merit any exceptions, and therefore, we dismiss that portion of Roberson’s appeal involving the circuit court’s denial of his motion to withdraw from the Justice of the Peace election. Affirmed in part; dismissed in part. Mandate to issue immediately. HOOFMAN, J., concurs. BAKER, GOODSON, and HART, JJ., dissent.