SLIP OPINION

Cite as 2015 Ark. 110

# SUPREME COURT OF ARKANSAS

No. CV–14–786

| | |
|---|---|
| OLA ROSE GAFFORD AND RANDY GAFFORD<br><br>PETITIONERS<br><br>V.<br><br>ALLSTATE INSURANCE COMPANY<br>RESPONDENT | **Opinion Delivered** March 19, 2015<br><br>CERTIFIED QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS (WESTERN DIVISION) [NO. 4:13-CV-295 JMM]<br><br>HONORABLE JAMES M. MOODY, JR., JUDGE<br><br><u>CERTIFIED QUESTION ANSWERED</u>. |

**JIM HANNAH, Chief Justice**

This case presents the following certified question from the United States District Court for the Eastern District of Arkansas, Western Division, with the Honorable James M. Moody, Jr. presiding:

Whether the recovery of attorney's fees to an insured in an insurance-contract action [is] exclusively available pursuant to Arkansas Code Annotated section 23-79-208 (Repl. 2014), precluding an award of attorney's fees pursuant to Arkansas Code Annotated section 16-22-308 (Repl. 1999).

Petitioners Ola Rose Gafford and Randy Gafford ("the Gaffords") argue that the plain language of sections 23-79-208 and 16-22-308 allows them to recover attorneys' fees as the prevailing insureds in an insurance action and that they may recover a fee award, pursuant to section 16-22-308, even if their recovery did not come within twenty percent of the amount

SLIP OPINION

of their demand, as set forth in section 23-79-208. Respondent Allstate Insurance Company ("Allstate") argues that section 23-79-208 applies to the present case. In answering the certified question, we hold that the Gaffords' recovery of attorneys' fees was exclusively available under section 23-79-208.

The Gaffords purchased an insurance policy and "Landlord Package" insurance from Allstate for their rental property located in Greenbrier. The policy limits included $107,900 for coverage to the dwelling structure and $5395 for personal property. On April 15, 2012, Ola Rose Gafford visited her rental property and cleaned the residence before leaving that afternoon. Subsequently, the rental property was struck by lightning and suffered fire damage, rendering the home uninhabitable. At the time of the fire, the Gaffords' insurance policy was in effect, and they had paid all of the premiums through the time of the loss. Prior to the fire, the Gaffords had rented the property at a rate of $650 per month. After the fire, the Gaffords submitted a claim to Allstate, and Allstate refused to pay the full amount of the policy limits. According to the Gaffords, Allstate offered a certain sum to compensate them for the loss and to rebuild the rental-property residence, but that amount was insufficient to complete the necessary repairs.

The Gaffords originally filed a civil action in the Faulkner County Circuit Court, but the case was later removed to the United States District Court for the Eastern District of Arkansas, Western Division. In their complaint, the Gaffords asserted causes of action for breach of contract, specific performance, unjust enrichment, bad faith, promissory and equitable estoppel, and ruination of their credit. They also sought the policy limits, punitive

damages, a twelve-percent penalty, attorneys' fees pursuant to section 23-79-208, and costs.

The case proceeded to trial on March 17-18, 2014. The jury found in favor of the Gaffords and awarded the Gaffords $83,610.04 for damage to the house, $0 for the loss of personal property, and $11,900 in lost rental income. The court applied Allstate's set-off for previous payments, giving credit to Allstate for the payments of $11,900 and $71,650.86 prior to trial, and issued a judgment on the jury verdict in the total amount of $11,959.18 in favor of the Gaffords.

The Gaffords' counsel, David Hodges and Christopher Warthen, filed separate motions for attorneys' fees requesting fees from the initiation of the suit through trial. Hodges requested fees in the amount of $50,125, while Warthen requested fees totaling $9780. On April 29, 2014, the district court entered an order, awarding attorneys' fees to Hodges in the amount of $50,125, denying Warthen's fee request, and awarding costs to the Gaffords in the amount of $501. The district court based its award of attorneys' fees on section 16-22-308 and the factors articulated in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718–19 (1990).

Subsequently, in its May 2, 2014 order, the district court found that the Gaffords were not entitled to the twelve-percent penalty and full attorneys' fees, pursuant to section 23-79-208, because they had not recovered the eighty percent of the total amount sought in the suit. Specifically, the court ruled that the Gaffords sought $107,900 for damages to the dwelling structure; $5395 for personal property; and $7800 for lost rental income; however, they only recovered $95,510.04, thereby recouping only 78.87% of the total amount sought in the suit.

SLIP OPINION

For that reason, the district court ruled that the Gaffords were not entitled to the statutory penalty and attorneys' fees. The court also found that an award of prejudgment interest was not proper in the case.

Allstate filed a motion to reconsider the court's award of attorneys' fees, arguing that the district court should have considered the potential fee award pursuant to section 23-79-208, rather than section 16-22-308. Allstate asserted that the district court properly denied the Gaffords' request for an award of the twelve-percent penalty, statutory interest, and attorneys' fees under section 23-79-208 but then erroneously awarded attorneys' fees pursuant to section 16-22-308. The Gaffords responded. In considering Allstate's motion for reconsideration, the district court entered an order certifying the attorneys' fee issue, finding that the certification question was likely to arise in federal diversity cases, and ruling that this issue was appropriate for the Arkansas Supreme Court to consider in the absence of controlling precedent. On October 9, 2014, we accepted the Gaffords' motion to certify a question of law from the United States District Court for the Eastern District of Arkansas and issued a per curiam on that date accepting the certified question.

We now determine the certified question before us: whether the recovery of attorneys' fees to an insured in an insurance-contract action is exclusively available pursuant to section 23-79-208, precluding an award of attorneys' fees pursuant to section 16-22-308. We turn to the applicable statutes. The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Crafton, Tull, Sparks & Assocs., Inc. v. Ruskin Heights, LLC*, 2015 Ark. 1,

at 5–7, ___ S.W.3d ___, ___. We construe statutes so that, if possible, every word is given meaning and effect. *See id.* We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Friar v. Erwin*, 2014 Ark. 487, ___ S.W.3d ___. When a statute is clear, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Crafton*, 2015 Ark. 1, ___ S.W.3d ___. Statutes relating to the same subject should be read in a harmonious manner if possible. *See id.*

Enacted in 1989, section 16-22-308 allows for the recovery of attorneys' fees in civil actions for breach of contract. Section 16-22-308 states:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, *unless otherwise provided by law* or the contract which is the subject matter of the action, *the prevailing party may be allowed a reasonable attorney's fee* to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308 (emphasis added).

Section 16-22-308 provides that "the prevailing party may be allowed a reasonable attorney's fee" in a civil action seeking to recover on a contract relating to labor or services; however, section 16-22-308 does not contain express language allowing for attorneys' fees in insurance-coverage actions. Ark. Code Ann. § 16-22-308. *See also Village Market, Inc. v. State Farm Gen. Ins. Co.*, 334 Ark. 227, 229, 975 S.W.2d 86, 87 (1998) (per curiam) (stating that "[section 16-22-308] never mentions insurance policies and never expressly provides attorney's fees for either insureds or insurers"). Section 16-22-308 does provide that the

SLIP OPINION

prevailing party may recover under the statute "unless otherwise provided by law."

Section 23-79-208 provides in relevant part as follows:

> (a)(1) In *all cases in which loss occurs* and the cargo, property, marine, casualty, fidelity, surety, cyclone, tornado, life, accident and health, medical, hospital, or surgical benefit *insurance company and fraternal benefit society or farmers' mutual aid association or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made*, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, *together with all reasonable attorney's fees for the prosecution and collection of the loss.*
>
> . . . .
>
> (d)(1) Recovery of less than the amount demanded by the person entitled to recover under the policy shall not defeat the right to the twelve percent (12%) damages and *attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.*

Ark. Code Ann. § 23-79-208 (emphasis added).

Section 23-79-208 applies in actions against an insurance company when a party seeks attorneys' fees on a policyholder's claim for loss. Based on the plain language of section 23-79-208, the statutory remedy of attorneys' fees is available to insureds "in all cases in which loss occurs," *id.*, conditioned on prevailing and on receiving an award within twenty percent of the amount demanded. Thus, because section 16-22-308 does not contain any such condition on a fee award, section 23-79-208 falls squarely within section 16-22-308's exception that it does not apply when attorneys' fees are "otherwise provided by law." *Id.*

This court has repeatedly stated that statutes relating to the same subject should be read in a harmonious manner if possible. *Roberson v. Phillips Cnty. Election Comm'n*, 2014 Ark. 480, ___ S.W.3d ___. In reading these two statutes together, we conclude that section 23-

6

79-208 provides for an insured's exclusive means of recovering attorneys' fees in an action to recover for a loss under an insurance policy. Accordingly, we answer the certified question posed by the United States District Court for the Eastern District of Arkansas, Western Division, in the affirmative.

Certified question answered.

Special Justice SAM BIRD joins in this opinion.

BAKER, GOODSON, and HART, JJ., concur.

DANIELSON, J., not participating.

**KAREN R. BAKER, Justice, concurring.** I concur in the majority's disposition but write separately because I would apply a different analysis to answer the certified question presented.

The certified question presents an issue of statutory construction. The two statutes at issue are first, Ark. Code Ann. § 23-79-208 under chapter seventy-nine, "Insurance Policies Generally," sub-chapter two, "Suits Against Insurers." Second, Ark. Code Ann. § 16-22-308 under chapter twenty-two, "Attorneys at Law," sub-chapter three "Rights and Liabilities."

Ark. Code Ann. § 23-79-208 provides in pertinent part:

(a)(1) In all cases in which loss occurs and the . . . property . . . insurance company . . . or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

. . . .

(d)(1) Recovery of less than the amount demanded by the person entitled to recover

under the policy shall not defeat the right to the twelve percent (12%) damages and attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.

(2) Notwithstanding the provisions of subdivision (d)(1) of this section, in all cases involving a homeowner's policy, the right to reasonable attorney's fees provided for in this section shall arise if the amount recovered for the loss is within thirty percent (30%) of the amount demanded or which is sought in the suit.

Ark. Code Ann. § 16-22-308 provides in its entirety:

In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Broussard v. St. Edward Mercy Health Sys., Inc.*, 2012 Ark. 14, ___ S.W.3d ___. In reviewing these statutes, "[t]he first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Potter v. City of Tontitown*, 371 Ark. 200, 209, 264 S.W.3d 473, 481 (2007). However, "[t]he basic rule of statutory construction to which all interpretive guides must yield is to give effect to the intent of the General Assembly." *Ark. Tobacco Control Bd. v. Santa Fe Natural Tobacco Co.*, 360 Ark. 32, 199 S.W.3d 656 (2004). "When a statute is ambiguous, . . . we must interpret it according to the legislative intent, and its review becomes an examination of the whole act." *Johnson v. Dawson*, 2010 Ark. 308, at 5, 365 S.W.3d 913, 916. Finally, a statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful

meaning that reasonable minds might disagree or be uncertain as to its meaning. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002); *Voltage Vehicles v. Ark. Motor Vehicle Comm'n*, 2012 Ark. 386, 424 S.W.3d 281.

Here, Ark. Code Ann. § 23-79-208 (d)(1) and (2) does not provide for the recovery of attorney's fees if the recovered amount is not twenty percent (20%) under section (d)(1) or thirty percent (30%) under section (d)(2) of the amount demanded or which is sought in the suit. However, Ark. Code Ann. § 23-79-208 is silent as to whether a party that does not met the prescribed recovery amount may then seek to recover attorney's fees pursuant to Ark. Code Ann. §16-22-308. Stated differently, whether a party that is precluded from the recovery of attorney's fees because it did not recover within 20% or 30% of the amount it demanded, may then seek recovery of attorney's fees pursuant to Ark. Code Ann. § 16-22-308. The plain language of the statute does not answer this question. Thus, Ark. Code Ann. § 23-79-208 is open to more than one interpretation and because reasonable minds could differ as to its meaning, I cannot determine the legislative intent based on only the plain language of the statute. Because we must determine the legislative intent, I would turn to the statute's legislative history. *See Harrell v. State*, 2012 Ark. 421. In ascertaining legislative intent, we look to the statutory language, legislative history, and other appropriate matters. *Falcon Media, et. al. v. Arkansas Public Service Commission*, 2012 Ark 436, __SW3d___ (citing *Henry v. Cont'l Cas. Co.*, 2011 Ark. 224, ___ S.W.3d ___.)

In reviewing the Act in its entirety, this court will reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Simpson v.*

SLIP OPINION

*Cavalry SPV I, LLC*, 2014 Ark. 363, 440 S.W.3d 335.    In 1999, the General Assembly passed

Act 135, which amended § 23-79-208.  Act 135 provides in pertinent part:

> "AN ACT TO AMEND ARKANSAS CODE ANNOTATED § 23-79-208 TO FURTHER CLARIFY THE EXISTING INTENT OF THE GENERAL ASSEMBLY THAT INSURANCE POLICY HOLDERS SHALL NOT BE LIABLE FOR THE ATTORNEYS' FEES INCURRED BY INSURANCE COMPANIES IN THE DEFENSE OF CASES IN WHICH THE INSURANCE COMPANY IS FOUND NOT LIABLE FOR THE LOSS; AND FOR OTHER PURPOSES."
>
> . . . .
>
> SECTION 5. All laws and parts of laws in conflict with this Act are hereby repealed. Specifically, any other law or parts of law of general application regarding the award of attorneys' fees, as applied to litigation involving policies of insurance, are superseded by the provisions of this Act.  Specifically, the provisions of § 16–22–308 regarding the award of attorneys' fees to the prevailing party in a civil action for breach of contract are expressly superseded by the provisions of this Act.

The language employed by the General Assembly in § 5 of Act 135 expressly

superseded the provisions of § 16-22-308 regarding the award of attorneys' fees to the

prevailing party in a civil action for breach of contract involving policies of insurance.

Accordingly, in answering the certified question, I agree with the majority that Ark. Code

Ann. § 23-79-208 is the exclusive remedy for insurance-contract actions and precludes

recovery under Ark. Code Ann. § 16-22-308.

GOODSON and HART, JJ., join.

*David A. Hodges*, for petitioners.

*Munson, Rowlett, Moore and Boone, P.A.*, by: *John E. Moore* and *Amy L. Tracy*, for

respondent.