SLIP OPINION

Cite as 2016 Ark. 227

# SUPREME COURT OF ARKANSAS

No. CV–16–375

| | |
|---|---|
| KATHY ROBERTS AND KAREN MCSHANE<br><br>PLAINTIFFS<br><br>V.<br><br><br>UNIMIN CORPORATION<br>DEFENDANT | **Opinion Delivered** May 26, 2016<br><br>REQUEST TO CERTIFY A QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS<br><br><u>DISSENTING OPINION</u>. |

**PAUL E. DANIELSON, Associate Justice**

I dissent from the majority's refusal to accept certification of this question of law. Pursuant to section 2(D)(3) of amendment 80 to the Arkansas Constitution and Arkansas Supreme Court Rule 6-8 (2015), the United States District Court for the Eastern District of Arkansas, Batesville Division, has attempted to certify to this court a question of Arkansas law that may be determinative of a cause now pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in our decisions. *See* Ark. Sup. Ct. R. 6-8(a)(1). As the federal court has explained in its certification order, the question to be certified is one of first impression in Arkansas, and the parties agree on the facts relevant to the question. *See Longview Prod. Co. v. Dubberly*, 352 Ark. 207, 99 S.W.3d 427 (2003) (per curiam) (explaining that this court will accept certification of a question of law when all facts material to the question are undisputed and the question is one of first impression). In this respect, and in every other respect, the federal court's certification order

complies with Rule 6-8 and our precedent regarding certification of questions of law. Yet the majority refuses to accept the certified question, providing no good reason for its refusal.

I recognize that we have discretion in deciding to accept and answer certified questions. *See* Ark. Sup. Ct. R. 6-8(a)(1). However, this court's treatment of certified questions as of late has gone completely off the rails. *See, e.g.*, *Columbia Ins. Grp., Inc. v. Cenark Project Mgmt. Servs., Inc.*, 2016 Ark. 185 (Danielson, J., dissenting). When we are asked to answer a certified question and the requirements of the rule are unquestionably met, we should simply answer the question. Our recent refusal to do so is baffling to me and probably also to the federal judges who have attempted to certify questions to us. In our first case accepting a certified question under the newly adopted Rule 6-8, we noted the many advantages of the procedure:

> Many commentators have noted the benefits of certification. The procedure: (i) allows federal courts to avoid mischaracterizing state law (thereby avoiding a misstatement that might produce an injustice in the particular case and potentially mislead other federal and state courts until the state supreme court finally, in other litigation, corrects the error); (ii) strengthens the primacy of the state supreme court in interpreting state law by giving it the first opportunity to conclusively decide an issue; (iii) avoids conflicts between federal and state courts, and forestalls needless litigation; and (iv) protects the sovereignty of state courts. (See, e.g., Braun, *A Certification Rule for California* (1996) 36 Santa Clara L. Rev. 935, 937–942 (Braun); Schneider, *"But Answer Came There None": The Michigan Supreme Court and the Certified Question of State Law* (1995) 41 Wayne L. Rev. 273, 299–301; *see also* Goldschmidt, *Certification of Questions of Law: Federalism in Practice* (1995 Amer. Judicature Soc'y.) pp. 3–10.)

*Longview*, 352 Ark. at 209, 99 S.W.3d at 428 (quoting *Los Angeles All. for Survival v. City of Los Angeles*, 993 P.2d 334, 338 (Cal. 2000)). If this court no longer finds these benefits to exist, and if it prefers to dispense with the certification process altogether, it should say so



explicitly.

For these reasons, I dissent and would accept and answer the question certified to us.