SLIP OPINION

Cite as 2016 Ark. 226

# SUPREME COURT OF ARKANSAS

No. CV–16–375

| | |
|---|---|
| KATHY ROBERTS AND KAREN MCSHANE<br><br><div align="right">PLAINTIFFS</div><br>V.<br><br><br>UNIMIN CORPORATION<br><div align="right">DEFENDANT</div> | **Opinion Delivered** May 26, 2016<br><br>REQUEST TO CERTIFY A QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS.<br><br><u>DISSENTING OPINION</u>. |

**HOWARD W. BRILL, Chief Justice**

Every first-semester first-year law student knows of the mystery and complexity of the *Erie* doctrine. *See, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) (establishing the *Erie* doctrine by holding that, in diversity cases, federal courts were no longer "free to exercise an independent judgment as to what the common law of the state is—or should be, " *id*. at 819, but must apply the state's substantive law). Sitting in diversity, federal judges are obligated to apply state substantive law, whether statutory or case law, and federal procedural law. Accordingly, since *Erie*'s inception in 1938, federal judges are required to apply state law or, when the law is uncertain, to predict what the state law is or how the state supreme court *would* decide a particular state-law issue.

The state law may be outdated, confusing, inconsistent, nonexistent, at variance with other states, or perhaps wrong. It does not matter. The federal court is required to predict or guess what the current state law is. If the federal judge predicts one result, and a state court

the following year reaches a different conclusion and proclaims a different state law, the wrongly decided federal decision still stands. *See Bartley v. Sweetser*, 319 Ark. 117, 890 S.W.2d 250 (1994) (rejecting the *Erie* prediction of *Jackson v. Warner Holdings, Ltd.*, 617 F. Supp. 646 (W.D. Ark. 1985)). If the question involves multiple states, the issues are compounded. *See Nolan v. Transocean Air Lines*, 276 F.2d 280, 281 (2nd Cir. 1960) (stating that "[o]ur principal task, in this diversity of citizenship case, is to determine what the New York courts would think the California courts would think on an issue about which neither has thought"), judgment set aside by *Nolan v. Transocean Air Lines*, 365 U.S. 293 (1961).

This unfortunate dilemma existed from 1938 to 2001. But, with the leadership of the Arkansas Bar and the approval of the people of Arkansas, amendment 80 provided a solution. Section 2(D)(3) of amendment 80 to the Arkansas Constitution gives our supreme court "original jurisdiction to answer questions of state law certified by a court of the United States." This court approved a rule to implement the certification authorized by amendment 80. *See* Ark. Sup. Ct. R. 6-8 (2015) (rule adopted in 2002). Further, this court established its certification requirements in *Longview Production Company v. Dubberly*, 352 Ark. 207, 99 S.W.3d 427 (2003) (per curiam).

The benefit of this certification method has been well established over the past fifteen years. We have answered certified questions from federal district courts, we have invalidated statutes, and we have given guidance. Since 2013 alone, we have accepted and answered certified questions and have not refused to accept a single certified question from a federal district court. *See Mendoza v. WIS Int'l, Inc.*, 2016 Ark. 157; *Integrated Direct Mktg. v. May*,

2015 Ark. 454 (per curiam); *Columbia Ins. Grp. v. Cenark Project Mgmt. Servs.*, 2015 Ark. 396 (per curiam); *Gafford v. Allstate Ins. Co.*, 2015 Ark. 110, 459 S.W.3d 277; *Dickinson v. SunTrust Nat'l Mortg. Inc.*, 2014 Ark. 513, 451 S.W.3d 576; *Bowerman v. Takeda Pharmals. U.S.A.*, 2014 Ark. 388, 442 S.W.3d 839; *Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363, 440 S.W.3d 335; *Roeder v. United States*, 2014 Ark. 156, 432 S.W.3d 627; *Adams v. Cameron Mut. Ins. Co.*, 2013 Ark. 475, 430 S.W.3d 675; *Smith v. ConAgra Foods, Inc.*, 2013 Ark. 502, 431 S.W.3d 200; *Lambert v. LQ Mgmt., LLC*, 2013 Ark. 114, 426 S.W.3d 437.

Certification avoids undue federal-court speculation by allowing important state-law issues to be decided by judges who are much more familiar with state law and policy. It ensures that the correct and lasting law will govern the parties themselves and establishes uniformity and predictability for litigants statewide. For further discussion of the benefits of certified questions, *see generally* Coby W. Logan, *Certifying Questions to the Arkansas Supreme Court: A Practical Means for Federal Courts in Clarifying Arkansas State Law*, 30 U. Ark. Little Rock L. Rev. 85 (2007) (suggesting changes to Rule 6-8).

In this instance, Judge Holmes has certified a question of law regarding mining leases in Izard County. He states that "there is no controlling precedent in the decisions of the Supreme Court of Arkansas." Our refusal to answer this question of law will require him to speculate as to how we would decide the issue. This supreme court should answer the question. I believe it is our responsibility. For these reasons, I dissent from the refusal to accept the certified question.

DANIELSON, J., joins.