Cite as 2023 Ark. 21

# SUPREME COURT OF ARKANSAS

**No.** CV-22-326

| | |
|---|---|
| | **Opinion Delivered:** March 2, 2023 |
| GERBER PRODUCTS COMPANY<br>PETITIONER | THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, CENTRAL DIVISION |
| V. | |
| MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC, AND BYRON FREELAND<br>RESPONDENTS | <u>DECISION TO ANSWER CERTIFIED QUESTION RESCINDED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Pursuant to Rule 6-8 of the Rules of the Arkansas Supreme Court and Court of Appeals, this court accepted the following question of law certified by the United States District Court for the Eastern District of Arkansas:

> Can plaintiff establish proximate cause in a legal malpractice action and recover corrective fees, which resulted from legal negligence, even without proving that the result of the underlying action would have been more favorable to the plaintiff but for the legal negligence?

As explained below, we determine that certification was improvidently granted and rescind our decision to answer the certified question.

### Background and Procedural History

The genesis of the present legal-malpractice case goes back to 2012, when Vee-Jay Cement Contracting Company, Inc., filed a complaint in the Sebastian County Circuit Court against Ceco Concrete Construction, LLC, Alberici Constructors, Inc., and Gerber

Products Company, Inc. (the "underlying case"). Gerber retained the law firm of Mitchell, Williams, Selig, Gates & Woodyard, PLLC, to represent it in the underlying case. Byron Freeland, a member of the firm, along with other lawyers at the firm, represented Gerber.

The present case, a legal-malpractice action, arises out of Mitchell Williams's handling of discovery requests during its representation of Gerber in the underlying case. Several years into the underlying case, Gerber retained new counsel and filed a motion for a protective order seeking the return of inadvertently produced privileged documents and protection of unproduced privileged documents identified on privilege logs. The Sebastian County Circuit Court denied the motion, and Gerber took an interlocutory appeal to the Arkansas Court of Appeals. The court of appeals affirmed the circuit court. *Gerber Prods. Co. v. CECO Concrete Constr., LLC*, 2017 Ark. App. 568, 533 S.W.3d 139.

On January 15, 2019, Gerber filed suit in the United States District Court for the Eastern District of Arkansas, seeking to recover over $600,000 in corrective fees that it incurred in attempting to reverse the Sebastian County Circuit Court's finding that the attorney-client privilege and work-product objections had been waived in response to discovery in the underlying case. On August 31, 2020, the district court issued an order granting Mitchell Williams's motion for summary judgment. In its order, the district court found that Gerber had not presented any proof that the outcome of the underlying case would have been more favorable to Gerber in the absence of the firm's alleged negligence, and therefore, Gerber could not establish proximate cause under Arkansas law. Gerber appealed to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit examined whether a legal-malpractice claim requires proving "a case within a case":

2

There is no case within a case here because Gerber's theory has nothing to do with how its state-court lawsuit will turn out. Instead, it wants to get back the more than $75,000 it spent trying to regain its attorney-client privilege after Mitchell Williams negligently waived it. *See John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998) (describing "corrective fees" as the money paid to new counsel "to correct the problem caused by the negligent lawyer"). In these unusual circumstances, is there still a way for Gerber to establish proximate cause? *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 856 (8th Cir. 2010) (discussing the "*Erie*-educated guess" we are supposed to make in diversity cases).

In our view, there is. Applying "generally applicable principles of causation and damages," Restatement (Third) of the Law Governing Lawyers § 53 cmt. a (Am. Law Inst. 2000), Gerber will have to show that Mitchell William[s]'s negligence led, in a "natural and continuous sequence," to the extra fees it paid, *Madden* [*v. Aldrich*, 346 Ark. 405, 58 S.W.3d 342, 353 (2001)] (citation omitted). *See Travis v. Sup. Ct. Comm. on Pro. Conduct*, 306 S.W.3d 3, 7 (Ark. 2009) (quoting the Restatement (Third) of the Law Governing Lawyers in an attorney-discipline case); 3 Ronald E. Mallen, Legal Malpractice § 21:8 (2022 ed.) ("[A]n attorney is liable for all damages proximately caused by the wrongful act or omission," though the "application of these rules depends on the nature of the injury."). If Gerber can also demonstrate that it "would not have incurred the fees in the absence of the [firm's] negligence," it will have completed the necessary causal chain. *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1281 (Alaska 2013) (quotation marks omitted); *see also Madden*, 58 S.W.3d at 353 (explaining why proximate cause requires a "continuous" causal chain between the negligence and the injury, which would otherwise "not have occurred").

*Gerber Prods. Co. v. Mitchell Williams Selig Gates & Woodyard, PLLC*, 28 F.4th 870, 872–73 (8th Cir. 2022). The Eighth Circuit reversed the district court's judgment and remanded for further proceedings. On remand, the district court certified the above question to this court.

*Certified Question of Law*

On June 23, 2022, this court granted a motion to certify a question of law in this case. Later, Gerber filed a motion to rescind decision to answer the certified question, which we denied. Rule 6-8 of the Rules of the Arkansas Supreme Court and Court of Appeals governs certification of questions of law and provides in pertinent part as follows:

(a) Power to Answer.

(1) The Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

. . . .

(5) In its discretion, the Supreme Court may at any time rescind its decision to answer a certified question. The Clerk shall promptly mail notice to the certifying court, counsel of record, and parties appearing without counsel.

Thus, under Rule 6-8, this court has broad discretion in deciding whether to answer a certified question and may "at any time" rescind the decision to answer a certified question. In recent years, this court has on occasion accepted certified questions from a federal court and subsequently declined to answer them. *Columbia Ins. Grp., Inc. v. Cenark Project Mgmt. Servs., Inc.*, 2016 Ark. 185, at 11, 491 S.W.3d 135, 142 ("In light of our conclusion that there is no coverage under the policy, the certified questions have become moot. We decline to address them, as answering the questions would constitute an improper advisory opinion."); *Hempstead Cnty. Hunting Club, Inc. v. Sw. Elec. Power Co.*, 2011 Ark. 234, at 11, 385 S.W.3d 123, 130 (reformulating certified questions and concluding that "this court's opinion on the second and third certified questions, as reformulated, would constitute an improper advisory opinion.").

This certified question comes before us in an unusual procedural posture. As stated above, the Eighth Circuit has directly addressed the issue involved in the certified question presented to this court. Therefore, exercising our broad discretion under Rule 6-8, we rescind our decision to answer the certified question.

Decision to answer certified question rescinded.

HUDSON, J., concurs.

BAKER and WOMACK, JJ., dissent.

**COURTNEY RAE HUDSON, Justice, concurring.** I agree that this court's decision to accept the federal certified question was improvidently granted, but I write separately to emphasize that from the outset of this case, I have specifically voted not to answer the certified question. However, the majority voted to grant the motion when it was initially presented to this court. Then, when Gerber Products Company filed a motion to rescind that decision, the majority denied it. Pursuant to Ark. Sup. Ct. R. 6-8, it is within this court's sole discretion whether to answer a question of law certified by a federal court, and it is entirely appropriate to decline to accept such a question when it is presented to us only after the issue has been appealed to the Eighth Circuit and decided in a manner contrary to that of the district court. I therefore join the majority opinion.

**KAREN R. BAKER, Justice, dissenting.** I must respectfully dissent from the majority's decision to rescind the certified question. The majority bases its decision to rescind the certified question on the fact that "the Eighth Circuit has directly addressed the issue involved in the certified question presented to this court." Although not specifically stated, this sounds like application of the law-of-the-case doctrine. The decision to apply this doctrine to the present case is misplaced. The Eighth Circuit has explained that law of the case is a doctrine of discretion, not a command to the courts. *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1440 (8th Cir. 1986) (citing *Arizona v. California*, 460 U.S. 605 (1983). Further, "law of the case does not apply when

5

an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong." *Morris v. Am. Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993). We are the superior tribunal in this instance as the question before us is one of Arkansas law. If we were to decide this question of Arkansas law differently than the Eighth Circuit did, the district court would be bound to apply our intervening decision. Stated differently, in order to determine whether "the law of the case is wrong" *we* must necessarily answer the question before us. On the other hand, if the majority agrees with the Eighth Circuit's interpretation of our state law, this should be clearly set forth in the opinion rather than implied. Instead, the majority refuses to answer a question that is clearly a matter of Arkansas law. As explained in the Eighth Circuit concurring and dissenting opinion,

> This diversity action presents only questions of state law. It involves the attempted recovery of attorney's fees incurred while unsuccessfully seeking to claw-back inadvertently produced privileged documents and the protection of unproduced privileged documents. The attorney's fees claim in this purported legal malpractice case exceeds $500,000. Although an experienced district judge familiar with Arkansas law concluded that this type of malpractice claim is not cognizable under Arkansas law, the majority has decided to rely on § 53 of the Restatement (Third) of the Law Governing Lawyers and substantially expand the established parameters for legal malpractice claims in Arkansas. I would not do so.

> The Arkansas Supreme Court accepts certified questions involving Arkansas law from a federal court of the United States when all facts material to the question of law are undisputed and there are "special and important reasons" to do so. *Longview Prod. Co. v. Dubberly*, 352 Ark. 207, 99 S.W.3d 427, 429 (2003); *see* Rule 6-8(a) of the Rules of Supreme Court and Court of Appeals. The first ground articulated by the Arkansas Supreme Court involves a question of law that is one of first impression and is of "substantial public importance as to require a prompt and definitive resolution by" the Arkansas Supreme Court. *Id.* In situations "[w]here we find no state law precedent on point and where the public policy aims are conflicting[,] the case may properly be certified to the state court." *Hatfield, by Hatfield v. Bishop Clarkson Mem'l Hosp.*, 701 F.2d 1266, 1267 (8th Cir. 1983) (en banc). I believe the legal question in this case meets the requisite criteria for certification. Before I would expose a law firm to this previously uncharted type of malpractice claim with potential damages exceeding $500,000, I would take the rare step of certifying the

6

question to the Arkansas Supreme Court, even though neither party made such a request.

*Gerber Products Co. v. Mitchell Williams Selig Gates & Woodyard, PLLC*, 28 F.4th 870, 874–75 (8th Cir. 2022) (Erickson, J., concurring in part and dissenting in part) (alteration in original).

I must also note that on August 11, 2022, prior to briefing this matter, Gerber filed a motion to rescind the decision to answer the certified question. The majority of this court declined to rescind the certified question on September 15, 2022. While I recognize that we may rescind our decision to answer a certified question at any time, at this juncture, rescinding our decision to answer the question is not appropriate. Because I cannot agree that the decision to accept the certification was improvidently granted, I must dissent and would answer the certified question squarely before us.

WOMACK, J., joins.

*Timothy O. Dudley*, for appellant.

*Castleberry Law Firm, PLLC*, by: *Kenneth P. "Casey" Castleberry*; and *Barber Law Firm, PLLC*, by: *R. Kenny McCulloch*, for appellees.