2013 Ark. App. 185
**Janie EVINS, Appellant**

v.

**Darlene CARVIN, Appellee.**

**No. CA 12–262.**

Court of Appeals of Arkansas.

March 13, 2013.

---

Janie M. Evins, Hot Springs, pro se appellant.

Niswanger Law Firm, PLC, by: Stephen B. Niswanger, for appellee.

LARRY D. VAUGHT, Judge.

Appellant Janie Evins appeals the judgment entered by the Pulaski County Circuit Court on December 14, 2011. The judgment denied her renewed motion to dismiss the complaint of appellee Darlene Carvin; found that Evins breached the settlement agreement executed between the parties, ordered Evins to pay damages to Carvin in the amount of $166,231.31; and dismissed Evins's counterclaim for offsets and credits. On appeal, Evins argues that the trial court erred in denying her motion to dismiss. Alternatively, she argues that the trial court erred in dismissing her counterclaim. We agree with Evins's first point on appeal, therefore, we reverse and dismiss Carvin's complaint. Accordingly, Evins's alternative point on appeal is moot.

In 1997, Evins borrowed $142,000 from Carvin to purchase real property located at 809 West Grand in Garland County, Arkansas. Evins made some payments on the loan, but no note or mortgage was filed because the parties were unable to agree on the terms of the loan. On January 16, 2002, the parties entered into a settlement agreement, wherein Evins acknowledged the debt owed to Carvin and agreed to make monthly payments. The agreement also contained other requirements to be fulfilled by Evins in exchange for Carvin's consent to withhold litigation.

On June 19, 2007, Carvin filed a complaint in the Garland County Circuit Court (first complaint), seeking to enforce the settlement agreement due to Evins's alleged breach of the agreement. The first complaint was dismissed without prejudice on August 25, 2008, based on Carvin's failure to prosecute the case.

On August 25, 2009, Carvin filed a second complaint in the Garland County Circuit Court (second complaint), restating the allegations made in the first complaint. Carvin again sought enforcement of the settlement agreement and requested damages for Evins's breach of the agreement. This complaint was dismissed by the trial court on October 4, 2010, in an order that stated:

> On this date there came to be heard [Evin's] Renewed Motion to Dismiss due to [Carvin's] failure to timely file a pretrial brief herein.... The Court ... DOES FIND:
>
> That an Order was entered herein on or about the 1st day of April 2010, requiring [Carvin] to file a Pre–Trial Brief on or before May 1, 2010. That [Carvin] failed to file such brief until September 30, 2010, less than four (4) business days prior to the scheduled trial in this matter.
>
> [Carvin's] complaint against [Carvin's] is hereby dismissed without[1] prejudice.

Carvin did not appeal the dismissal of the second complaint.

Carvin filed a third complaint against Evins on April 12, 2011, in the Pulaski County Circuit Court (third complaint), re-

---

1. The precedent dismissing the second complaint was prepared by Evins (a lawyer who represented herself) and provided that dismissal was *with* prejudice. However, the trial judge, in his handwriting, added the word "out," which changed the order to read that the dismissal of the second complaint was *without* prejudice.

stating the allegations made in the prior two complaints. In response, Evins filed a motion to dismiss, arguing that Carvin's cause was barred because the Garland County Circuit Court's dismissal of the second complaint operated as an adjudication on the merits pursuant to Arkansas Rule of Civil Procedure 41(b) (2012). Following a hearing on the motion, the Pulaski County Circuit Court denied it stating,

I think it's undisputed that whether or not [the Garland County Circuit Court] dismissed [the second complaint] was purely discretionary. There wasn't any requirement that he dismiss the case for lack of prosecution or anything of that nature. Because of that discretionary nature of this case, the fact that he took active steps to designate this dismissal as being without prejudice indicates to me that whatever sanction he was handing down for failure to comply with his order was intended by him to be without prejudice. I think had he simply dismissed the case without any positive actions, I would likely be dismissing this case.

The trial court's order denying Evins's motion to dismiss was entered on July 28, 2011.

Thereafter, Evins filed an answer, and the case proceeded to a bench trial on December 6, 2011. On the morning of trial, Evins renewed her motion to dismiss, which the trial court again denied. At the conclusion of trial, the court found that Evins had breached the settlement agreement, awarded Carvin $166,231.31, and dismissed Evins's counterclaim. The trial court entered a judgment on December 14, 2011, detailing these findings and denying Evins's renewed motion to dismiss. It is from this judgment that Evins appeals.[2]

Before reaching the merits of Evins's appeal, we address jurisdictional and preservation issues raised by Carvin. The first argues that we lack jurisdiction because Evins's notice of appeal is fatally defective, specifically, Carvin argues that the notice failed to "state that the appealing party abandons any pending but unresolved claim," in violation of Ark. R.App. P.-Civ. 3(e)(vi) (2012), and it failed to "designate the judgment, decree, order or part thereof appealed from," in violation of Ark. R.App. P.-Civ. 3(e)(ii) (2012). We disagree.

While the filing of a notice of appeal is jurisdictional, our supreme court has required only substantial compliance with the procedural steps set forth in Rule 3(e), *Duncan v. Duncan*, 2009 Ark. 565, at 4, 2009 WL 3786850, provided that the appellee has not been prejudiced by the failure to comply strictly with the rule. *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 231, 925 S.W.2d 395, 397 (1996).

After reviewing the notice of appeal filed by Evins, we hold that she substantially complied with Rule 3(e). Her notice, which was timely filed, specified the party taking the appeal, designated the trial-court judgment from which she appealed, and stated that she ordered the transcript and made financial arrangements for it. Moreover, she ordered and paid for the transcript. Further, Carvin was not prejudiced by the omission of the statement that Evins abandoned any pending but unresolved claim because there were no pending but unresolved claims, Other than Carvin's complaint, which was fully adjudicated in the judgment, the only other claim was Evins's counterclaim, which was dis-

---

2. This is Evins's second appeal. In her first, the transcript of the motion-to-dismiss hearing was not in the record, thus, we remanded the case for Evins to supplement the record with the hearing transcript. *Evins v. Carvin*, 2012 Ark. App. 622, 2012 WL 5451954.

missed with prejudice by the trial court's December 14, 2011 judgment.

With regard to Carvin's allegation that Evins's notice of appeal is defective because she failed to designate the judgment, Carvin concedes that Evins's notice of appeal referenced the trial court's December 14, 2011 judgment that denied Evins's renewed motion to dismiss. However, Carvin contends that Evins should have designated in her notice of appeal the trial court's preceding order of July 28, 2011, denying the motion to dismiss following the hearing on that motion. Again, we disagree.

■ Evins was not required to designate the order of July 28, 2011, in her notice of appeal. First, that order was not final. Rule 2 of the Arkansas Rules of Appellate Procedure—Civil (2012) lists the orders from which an appeal may be taken. Generally, an appealable order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Plunk v. State*, 2012 Ark. 362, at 2–3, 2012 WL 4471186. Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Id.* at 3. Where a trial court denies a defendant's motion to dismiss, we have held that the denial is not a final judgment from which an appeal may be taken, as the only matter disposed of by the order is that the case should proceed to trial, and those matters put in issue are not lost by continuing through a trial of the matter. *Id; see also C.P. v. State*, 2011 Ark. App. 415, at 2, 2011 WL 2140378

("[W]e have long held that the denial of a motion to dismiss is not an appealable order").

Secondly, an appeal from any final order also brings up for review any intermediate orders involving the merits and necessarily affecting the judgment. *Plunk*, 2012 Ark. 362, at 3, 2012 WL 4471186 (citing Ark. R.App. P.-Civ. 2(b) (2012)).[3] In pretrial motions, Evins renewed her motion to dismiss, which was denied by the trial court. The trial court's final, appealable order of December 14, 2011, expressly stated that Evins's orally renewed motion to dismiss was denied. Because the judgment included the denial of Evins's motion to dismiss, and the intermediate order of July 28, 2011 "necessarily affected the judgment," Evins's notice of appeal properly designated the judgment from which she appealed.

■ As for Carvin's preservation concern, she contends that because the December 14, 2011 judgment does not include the specific arguments made by Evins at the motion-to-dismiss hearing,[4] those arguments are not preserved, and she is limited on appeal to the arguments made during her renewed motion to dismiss prior to trial. Carvin cites no authority for this proposition. There is no requirement that a trial court's order denying a motion to dismiss specifically lists all the arguments made in support of the motion in order to preserve those arguments for appeal. The arguments are preserved by making them to the trial court, either orally in a hearing or written in briefs, not by having the trial court recite them in its order.

■ Having disposed of Carvin's jurisdictional and preservation arguments, we

---

3. *See also* Ark. R.App. P.-Civ. 3(a) (2012) (providing that an appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment).

4. The December 14, 2011 judgment merely stated, "[Evins's] orally renewed motion to dismiss is denied."

address Evins's first point on appeal, which is that the trial court erred in denying her motion to dismiss Carvin's third complaint. More specifically, she argues that Carvin's third complaint is barred as a matter of law because dismissal of Carvin's second complaint operated as an adjudication on the merits pursuant to Arkansas Rule of Civil Procedure 41(b).

■ In *Jonesboro Healthcare Center, LLC v. Eaton–Moery Environmental Services, Inc.*, our supreme court noted that generally, a Rule 41(b) dismissal is reviewed under the abuse-of-discretion standard. 2011 Ark. 501, at 3, 385 S.W.3d 797, 799 (citing *Wolford v. St. Paul Fire & Marine Ins. Co.*, 331 Ark. 426, 435, 961 S.W.2d 743, 748 (1998)). However, our supreme court held that because it was construing a court rule, the appropriate appellate review was de novo. *Id.*, 385 S.W.3d at 799. Our court is not bound by the trial court's interpretation of a statute or court rule, but "in the absence of a showing that the trial court erred in its interpretation ... that interpretation will be accepted as correct on appeal." *Holliman v. Johnson*, 2012 Ark. App. 354, at 5, 417 S.W.3d 222, 225.

■ When we construe a court rule, we use the same means and canons of construction that we use to interpret statutes. *Jonesboro Healthcare Ctr.*, 2011 Ark. 501, at 3, 385 S.W.3d at 799. In considering the meaning and effect of a statute or rule, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*, 385 S.W.3d at 799. The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the drafting body. *Id.*, 385 S.W.3d at 799. In ascertaining the drafter's intent, we often examine the history of the statute or rule involved, as well as the contemporaneous conditions at the time of its enactment, the consequences of interpretation, and all other matters of common knowledge within the court's jurisdiction. *Id.* at 3–4, 385 S.W.3d at 799.

Rule 41(b) provides:

(b) *Involuntary Dismissal*, In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day application is made, upon a showing of good cause, to continue the case on the court's docket, A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Ark. R. Civ. P. 41(b).

Carvin's second complaint was dismissed for either want of prosecution or failure to comply with an order of the court.[5] Giving the words of Rule 41(b) their ordinary and usually accepted meaning in common lan-

---

**5.** Our review of the record reveals that after the second complaint was filed in August 2009, Carvin was ordered by the trial court to file a pretrial brief, although the record does not disclose its original due date. On or about April 1, 2010, by order of the trial court, Carvin's pretrial-brief deadline was extended to May 1, 2010. Carvin filed her pretrial brief on September 30, 2010. On October 4, 2010, Evins filed a renewed motion to dismiss, arguing that she received the pretrial brief on October 4, 2010, "some four months late" and two days prior to trial. Evins further alleged that Carvin failed to prosecute the case in any manner.

guage, dismissal of the second complaint was involuntary. Because Carvin's first complaint was involuntarily dismissed for lack of prosecution, the dismissal of Carvin's second complaint operated, as a matter of law, as an adjudication on the merits. Accordingly, her third complaint was barred. Ark. R. Civ. P. 41(b). Thus, the trial court erred in denying Evins's motion to dismiss the third complaint.[6]

In an effort to avoid the application of Rule 41(b) to her case, Carvin asserts multiple arguments, none have merit. She argues that the trial court's dismissal of the second complaint was based on authority other than Rule 41(b) and cites *Carton v. Missouri Pac. R.R. Co.*, 295 Ark. 126, 747 S.W.2d 93 (1988). *Carton* is inapplicable, however, because it involved Rule 41(a) and voluntary dismissals involving subject-matter jurisdiction. Beyond citing *Carton*, Carvin fails to identify any "other authority" that served as the basis of the involuntary dismissal of the second complaint. We hold that this argument is unpersuasive under the circumstances of this case, where the trial court involuntarily dismissed the second complaint for either lack of prosecution or failure to comply with its scheduling order.

According to Carvin, another reason Rule 41(b) does not apply is because the trial court's order dismissing the second complaint did not expressly state that dismissal was based on that rule. Carvin does not cite authority in support of this argument. And we note that Rule 41(b) does not require it. Next, Carvin argues that Rule 41(b) does not apply because dismissal of the second complaint was based on Evins's motion, which is not contemplated by the rule. We disagree. Rule 41(b) does not limit its applicability to sua sponte motions for dismissal by the trial court.

Carvin also asserts that Rule 41(b) cannot be applied in this case because she did not receive notice and an opportunity to show cause, required by Rule 41(b), why the second complaint should not be dismissed. The facts in this case do not support this argument as Carvin had notice and an opportunity to defend against the dismissal of the second complaint. The record discloses that Carvin had the opportunity to respond to two motions to dismiss filed by Evins the second complaint. Carvin was successful in defending against the first motion to dismiss because the trial court gave her an extension in which to file the pretrial brief.

Furthermore, our supreme court held that the failure to receive notice under Rule 41(b) did not render the dismissal of a plaintiff's second complaint for lack of prosecution void where he took no interest or action for over three years. *Watson v. Connors*, 372 Ark. 56, 61–62, 270 S.W.3d 826, 830–31 (2008); see also *City of Little Rock v. McGeorge Contracting Co., Inc.*, 2010 Ark. App. 765, at 3–5, 377 S.W.3d 523, 526–27 (holding that lack of notice pursuant to Rule 41(b) did not void dismissal of the plaintiff's second complaint that was dismissed for failure to prosecute sixteen months after it was filed). In the case at bar, Carvin failed to prosecute the first two causes she filed against Evins. In both cases, more than a year passed

---

**6.** This holding is entirely consistent with the stated purpose of Rule 41(b) "to allow the trial courts to clean up their dockets and get stale cases off the active docket." *Jonesboro Healthcare*, 2011 Ark. 501, at 9–10, 385 S.W.3d at 802. Carvin's first complaint was on the docket without activity for fourteen months before it was dismissed for lack of prosecution. Carvin's second case was inactive on the docket for more than thirteen months before it was dismissed for lack of prosecution or failure to comply with a court order.

with no discovery or depositions. In the second case, Carvin failed to file a pretrial brief that was ordered by the trial court. Carvin already had her first complaint dismissed for failure to prosecute, so she was on notice that her second complaint might be dismissed for the same reason.

Carvin's final argument is that applying Rule 41(b) and dismissing her second complaint with prejudice circumvents the clear intent of the Garland County Circuit Court, which was to dismiss the second complaint without prejudice. The trial court agreed as it stated at the pretrial hearing on Evins's renewed motion to dismiss:

> It's my recollection that the precedent that was presented to the judge was a precedent of a dismissal with prejudice, and he took his pen and wrote "without." Jo he took the active step to change a precedent from with prejudice to without prejudice. And I don't know one way or another whether or not he knew or didn't know that it had been previously dismissed. So the motion to be dismissed will be denied.

However, the two-dismissal rule, as set forth in Rule 41(b), is not a matter within the trial court's discretion. Once the Garland County Circuit Court involuntarily dismissed the second complaint for failure to prosecute or failure to comply with an order of the court, the dismissal operated as an adjudication on the merits. The Garland County Circuit Court's intent to dismiss Carvin's second complaint without prejudice was not effective:

> [T]he specification that a dismissal is "without prejudice" must not be inconsistent with a governing statute or rule in the jurisdiction, for example, by statute or rule of court in many jurisdictions, a voluntary dismissal operates as a bar to another action on the same claim when filed by a plaintiff who has once

dismissed in any court of the United States or any state an action based on or including that claim. In such circumstances, a notation in the record that a nonsuit or dismissal is "without prejudice," or words to that effect, is not effective because the judgment operates as a bar as a matter of law.

*Restatement (Second) of Judgments* § 20(1) cmt. h (1982). While the Garland County Circuit Court was incorrect in stating that its dismissal of the second complaint was "without prejudice," that in no way barred the operation of Rule 41(b). If Carvin disagreed with the involuntary dismissal of her second complaint, her remedy was to appeal that dismissal. She did not.

In sum, we hold that the Garland County Circuit Court's dismissal of Carvin's second complaint was based on her failure to prosecute or her failure to comply with a court order as provided in Rule 41(b). Because Carvin's first complaint had been previously dismissed, the second dismissal operated as an adjudication on the merits and barred Carvin's third complaint as a matter of law. Accordingly, we hold that the trial court erred in denying Evins's motion to dismiss Carvin's third complaint. Therefore, we reverse and vacate the trial court's judgment and dismiss this case. Our holding renders Evins's second point on appeal moot.

Reversed and dismissed.

HARRISON and WOOD, JJ., agree.