

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-1096

| | |
|---|---|
| GERBER PRODUCTS COMPANY<br><br>APPELLANT<br>V.<br><br>CECO CONCRETE CONSTRUCTION, LLC, AND ALBERICI CONSTRUCTORS, INC.<br>APPELLEES | Opinion Delivered: November 1, 2017<br><br>APPEAL FROM SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCV-12-435]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Gerber Products Company (Gerber) brings this interlocutory appeal from two discovery orders entered by the Sebastian County Circuit Court. Therein, the court denied Gerber's motion for a protective order and required Gerber to produce certain documents that it had withheld on the grounds of attorney-client and work-product privileges. The court also refused to require appellees CECO Concrete Construction, LLC (CECO), and Alberici Constructors, Inc. (Alberici), to return or destroy privileged documents that Gerber had inadvertently produced during the discovery process. We affirm the circuit court's rulings.

### I. *Jurisdiction*

Because it is unusual for our appellate courts to entertain an interlocutory appeal, we

take this opportunity to explain the basis for our jurisdiction.

In 2012, our supreme court adopted Rule 2(f) of the Arkansas Rules of Appellate Procedure–Civil. *See In Re Ark. Rules of Civil Procedure, Appellate Procedure*, 2012 Ark. 236. Rule 2(f) provides that a party may seek the supreme court's permission to file an interlocutory appeal from certain designated discovery orders involving the defense of privilege. The rule further provides that in determining whether or not the interlocutory appeal may proceed, the supreme court will be guided by six factors: the need to prevent irreparable injury; the likelihood that the petitioner's claim of privilege or protection will be sustained; the likelihood that an immediate appeal will delay a scheduled trial date; the diligence of the parties in seeking or resisting an order compelling the discovery in circuit court; the circuit court's written statement of reasons supporting or opposing immediate review; and any conflict with precedent or other controlling authority as to which there is substantial ground for difference of opinion. Ark. R. App. P.–Civ. 2(f)(1)(a)–(f) (2016). If the supreme court allows the appeal, the petitioner must file a timely notice of appeal and an appellate record. Ark. R. App. P.–Civ. 2(f)(3).

In the present case, Gerber filed a Rule 2(f) petition to appeal from two discovery orders involving a claim of privilege. The supreme court granted the petition and transferred Gerber's appeal—along with two other Rule 2(f) cases in which permission to appeal had been granted—to our court in August of this year. Our jurisdiction is therefore pursuant to Rule 1-2(d) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas (providing that the supreme court may transfer to the court of appeals any case appealed to the supreme court). Our research indicates that this will be the first case that


addresses the merits of a Rule 2(f) appeal.

## II.  *Background*

This case stems from a construction project at the Gerber plant in Fort Smith. Appellee Alberici served as the general contractor and construction manager on the project, and appellee CECO was hired to perform concrete work.

In 2012, a subcontractor on the job, Vee-Jay Cement Contracting Company, Inc., sued Gerber, CECO, and Alberici in Sebastian County Circuit Court. Vee-Jay's claims were resolved and dismissed, but cross-claims remained among Gerber, CECO, and Alberici. It was in the context of these cross-claims that CECO and Alberici propounded requests for production of documents (RFPs) to Gerber in early 2013 during the discovery phase of the litigation.

The RFPs asked that Gerber produce contracts, reports, emails, and other correspondence and paperwork related to the construction project, along with the personnel files of two employees. Gerber objected to providing the personnel files on grounds of confidentiality and irrelevance but otherwise made no objection to the RFPs. In particular, Gerber made no objection that the requested materials were protected by attorney-client or work-product privileges.  Instead, Gerber responded to the RFPs with the statement, "See documents provided on enclosed diskettes."

The diskettes that Gerber provided contained approximately 2,700 pages of documents. Upon reviewing the documents, CECO and Alberici (hereafter, collectively "CECO") determined that few, if any, emails from the year 2011 had been produced. CECO asked Gerber for the 2011 emails and, after several requests, was told that only two

relevant emails existed from that period. CECO also noticed that some of the documents included on the diskettes contained privileged materials. CECO informed Gerber of that fact and returned the documents. Gerber stated that it would provide more material and would work on providing a privilege log.[1] As noted hereafter, the privilege log would not be provided for over two years.

In May 2013, CECO filed a motion to compel further production of documents by Gerber. The circuit court granted the motion in July 2013, ruling that Gerber had not objected to the RFPs but had "unilaterally" redefined the scope of the requests and produced only those documents in line with its "narrowed interpretation" of the requests. The court stated, "Having made no objection . . . Gerber is bound to respond to the requests for production as written." After the entry of the court's order, Gerber sent CECO approximately 96,000 pages of additional documents—considerably more than the 2,700 pages it had initially considered responsive to the RFPs. CECO characterized the production as a "document dump" but reviewed the materials and still found them wanting. CECO detailed the perceived deficiencies in a June 2015 letter to Gerber and propounded a second set of RFPs.

Thereafter, Gerber provided several thousand more pages of documents and in July 2015 produced an eight-page privilege log. The log listed several items that Gerber claimed were subject to attorney-client and work-product privileges.

In October 2015, CECO filed a second motion to compel seeking a more complete

---

[1] A privilege log contains a list of documents that fall within the parameters of a request for production but are not produced because they are claimed to be privileged.

response to its RFPs. The motion stated that Gerber had produced additional documents "fitfully and incompletely"; had "peppered" the production with irrelevant materials; and had not filed objections to either the first or second set of RFPs. The circuit court granted the motion to compel in January 2016 and imposed a $2,500 sanction on Gerber, stating that there was reason to believe that Gerber had either intentionally delayed production, withheld production, or produced large amounts of unresponsive material.

Soon thereafter, Gerber produced an additional 18,000 pages of documents and a second privilege log. The thirteen-page log contained over 200 entries listing items that Gerber considered to be protected by attorney-client or work-product privilege—some of which had not been identified in the previous privilege log.

Within weeks, CECO sent a letter to Gerber asserting that Gerber had waived its claim of privilege by waiting too long to assert it and that, in any event, Gerber had already turned over some of the materials listed in the privilege log without objection in an earlier "document dump." By this point, Gerber had acquired new counsel who responded that Gerber had not waived attorney-client privilege and asked that CECO return or destroy numerous inadvertently provided materials. CECO refused.

In July 2016, Gerber filed a "Motion For Protective Order Seeking Return of Inadvertently Produced Privileged Documents and Protection of Unproduced Privileged Documents Identified On Privilege Logs." Gerber asserted that it had not waived its right to withhold production of documents based on privilege, nor had it waived its right to seek the return or destruction of privileged documents that it had inadvertently produced. Following a hearing, the circuit court denied Gerber's motion. The court relied on *Dunkin*

*v. Citizens Bank of Jonesboro*, 291 Ark. 588, 727 S.W.2d 138 (1987), for the proposition that failure to object to a discovery request in a timely manner waives all objections, including privilege. The court also stated that it was "particularly taken by the apparent complete lack of precautions in place" to prevent Gerber's inadvertent disclosures of privileged material. A second order was entered at Gerber's request, clarifying that the court's ruling governed both of the categories of documents at issue in this case: the materials Gerber had withheld on the ground of privilege and the documents that Gerber had inadvertently produced. Gerber appeals from those orders.

For its arguments on appeal, Gerber contends that 1) the circuit court erred in ruling that Gerber waived its right to assert attorney-client and work-product privileges as to the unproduced documents listed in the privilege logs and 2) the court erred in refusing to allow the retrieval or destruction of the privileged documents that Gerber inadvertently provided to CECO during discovery.

### III. *Standard of Review*

A circuit court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed on appeal absent an abuse of discretion that is prejudicial to the appealing party. *Hardesty v. Baptist Health*, 2013 Ark. App. 731, 431 S.W.3d 327. To have abused its discretion, the circuit court must have not only made an error in its decision, but also must have acted improvidently, thoughtlessly, or without due consideration. *Id.* The abuse-of-discretion standard is also applied to a circuit court's ruling on a protective order. *See Nat'l Enters., Inc. v. Lake Hamilton Resort, Inc.*, 355 Ark. 578, 142 S.W.3d 608 (2004).

IV.  *Documents Not Yet Produced*

Gerber argues first that the circuit court erred in ruling that it waived attorney-client and work-product privileges with regard to the unproduced documents listed in the privilege logs. We note at the outset that at this interlocutory stage, we need not determine whether those documents are in fact privileged; the only issue before us is whether Gerber waived its right to assert the privileges on which it relies.

A.  Broad-Subject-Matter Waiver

Gerber's primary argument under this point is that the circuit court incorrectly applied a "broad-subject-matter waiver" to Gerber's claims of privilege on the as yet unproduced documents. A broad-subject-matter waiver occurs when a court rules that a party has waived the protection of a privilege simply by inadvertently producing other privileged documents during discovery. Gerber cites numerous cases for the proposition that a party's inadvertent disclosure of privileged materials should not result in a waiver of privilege as to all other materials on the subject. *See, e.g.*, *In re Hechinger Inv. Co. of Del.*, 303 B.R. 18 (D. Del. 2003); *Koch Materials Co. v. Shore Slurry Seal, Inc.*, 208 F.R.D. 109 (D.N.J. 2002); *Parkway Gallery Furniture, Inc. v. Kittinger/Pa. House Grp., Inc.*, 116 F.R.D. 46 (M.D. N.C. 1987).

We agree with Gerber that the federal courts generally frown on applying a broad-subject-matter waiver to claims of privilege in the context of discovery. However, the circuit court in this case did not employ a broad-subject-matter waiver or engage in that line of reasoning in denying Gerber's motion for a protective order. Rather, as more specifically explained below, the circuit court ruled that Gerber waived its claims of privilege

by failing to object to the RFPs in a timely fashion. Consequently, we decline to consider reversal on the ground of broad-subject-matter waiver. *See generally Hurst v. Ark. Radiology Affiliates, P.A.*, 2015 Ark. App. 333.

## B. Waiver Based on Conduct

As mentioned, the circuit court determined that Gerber's assertion of privilege was not timely in this case. The court's decision was premised on our supreme court's holding in *Dunkin*, *supra*, that the failure to object to discovery requests in a timely fashion waives all objections to the requests, including objections based on privilege. We see no abuse of discretion in the circuit court's ruling.

Generally, a party may not obtain discovery of privileged matters. *See* Ark. R. Civ. P. 26(b)(1) (2016). However, the assertion of a privilege is only safeguarded if the proper procedures are followed in a timely fashion. *Dunkin*, *supra*. If proper procedures are not followed in a timely fashion, a claim of privilege may be deemed waived. *Id.*; *see also Reed v. Adamec*, 2014 Ark. App. 170.

Here, it is beyond dispute that Gerber did not make a privilege objection or ask for a protective order in its 2013 response to the first set of RFPs; in fact, Gerber did not make any cognizable claim of privilege until its privilege logs were provided to CECO in July 2015 and February 2016. By any standards, Gerber's claims of attorney-client and work-product privileges were woefully overdue at that point. Nevertheless, Gerber argues that the circuit court erred in applying *Dunkin* to impose a waiver of privilege in this case.

In *Dunkin*, the appellant responded to the appellee's interrogatories approximately four months after the thirty-day deadline established by Arkansas Rule of Civil Procedure

33 and objected to some of the interrogatories on the basis of the privilege against self–incrimination. Our supreme court held that the appellant had waived the privilege by failing to timely assert it and therefore could not be excused from providing the requested discovery. Gerber argues that *Dunkin* is distinguishable, and while it does differ in some respects from the case at bar, that does not diminish its import. Under *Dunkin*, an objection to discovery based on privilege is subject to waiver if it is asserted too late in the process.

In the case at bar, not only did Gerber fail to object on the grounds of attorney-client and work-product privileges in its initial responses to discovery, it waited more than two years to assert those privileges. Moreover, Gerber's lack of a timely objection persisted, despite its having been informed in the earliest stages of discovery that it had inadvertently delivered privileged materials to CECO; and despite the fact that the circuit court's July 2013 order to compel pointed out Gerber's failure to object to the RFPs. Further, Gerber continued to produce over 100,000 pages of documents during discovery while still making no objection on the basis of the attorney-client and work-product privileges.

Additionally, Gerber's untimely claim of privilege was exacerbated by its general lack of compliance during discovery. The circuit court ruled, in granting CECO's second motion to compel, as follows:

> The Court notes this is the second occasion on which an order to compel has had to be filed to obtain compliance from Gerber. In the first, Gerber unilaterally redefined the scope of the requests. In this instance, there is reason to believe they have either intentionally delayed production, withheld production, or produced large amounts of unresponsive material. Therefore, the Court herby orders that Gerber pay the sum of $2500.00 toward attorney's fees for the filing of the present motion, to be paid within thirty (30) days of this Order. While the Court issues no further sanctions at this time, failure to comply with this Order or to cooperate in accordance with the discovery rules in the future almost certainly shall lead to sanctions.

Considering the overall circumstances in this case, we decline to hold that the circuit court abused its discretion in ruling that Gerber waived its claims of attorney-client and work-product privileges with regard to the unproduced documents listed on the privilege logs. We therefore affirm on this point.

## V. *Documents Produced Inadvertently*

Gerber inadvertently produced a number of documents containing privileged material over the course of its responses to the RFPs. The first instance occurred in Gerber's initial response to the RFPs in 2013, and Gerber was notified of that fact by CECO. At Gerber's request, CECO returned the diskette that contained the privileged documents. Much later, after Gerber had provided thousands of additional pages of documents and two privilege logs, CECO informed Gerber in March 2016 that many of the documents listed on the most recent privilege log had already been provided. Gerber responded with a request that the documents be returned, and when CECO refused, Gerber filed a motion for a protective order. The circuit court denied the motion and refused to require the return or destruction of the inadvertently produced documents, citing Gerber's lack of precautions in protecting the privileged matters. We affirm the court's ruling.

Rule 26(b)(5) of the Arkansas Rules of Civil Procedure addresses the inadvertent disclosure of privileged materials during discovery. The rule provides, in part, that the producing party is presumed not to have waived the defense of privilege as to inadvertently produced documents if, within fourteen days of discovering the inadvertent disclosure, it notifies the receiving party of the specific documents involved and the privilege to be asserted. Ark. R. Civ. P. 26(b)(5)(A) (2016). However, the circuit court may consider

whether the surrounding circumstances show waiver. Ark. R. Civ. P. 26(b)(5)(C). Among the factors the court shall consider is the reasonableness of the precautions taken to prevent the inadvertent disclosure. Ark. R. Civ. P. 26(b)(5)(D)(i).

Gerber argues that it responded to CECO's March 2016 notification of inadvertent production within fourteen days and was therefore entitled to the presumption of nonwaiver. While that is a matter of some dispute, we hold that, regardless, the circuit court was within its discretion to determine that a waiver occurred in this instance based on Gerber's lack of precautions to prevent inadvertent disclosure.

The record before us shows that the court's concern about Gerber's lack of precautions was well-founded. For example, Gerber cites an affidavit from a representative of its former law firm as evidence of precautions taken against the inadvertent disclosure of privileged documents. However, the affidavit is lacking in detail on that subject and would by no means require the circuit court to find that reasonable precautions were taken. Moreover, the series of events throughout the parties' multiyear history of discovery demonstrates a pattern by Gerber of providing large numbers of documents without objection and without sufficient and diligent screening for privileged materials.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Victor L. Crowell*, for appellant.

*Willliams & Anderson, PLC*, by: *David M. Powell*, *Alec Gaines*, and *Heather G. Zachary*, for appellee CECO Concrete Construction, LLC.