Thereafter, Northwest issued a subpoena duces tecum to WRMC requesting:
*242 1. For each person treated, consulted or seen by Dr. Shaun Senter since the date he became employed by You until February 1, 2017, documents evidencing the following information:
• Their name;
• Date of each such medical service; and
• Each type of medical service performed or provided by Dr. Shaun Senter.
NOTE: Such documents do not have to be medical records as long as the produced documents contain the foregoing information. To the extent necessary, [Northwest] will agree to enter into an appropriate Protective Order addressing the production of these documents.
WRMC objected to Northwest's request, stating that WRMC and its patients were not parties to the litigation; the records sought contain health information that is protected under the Privacy Rule to the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 160, 164 ("HIPAA"); the identity of the patients of WRMC constitute trade secrets under applicable Arkansas law, and Northwest is a direct competitor within the same market; and the request is over broad, unduly burdensome, and oppressive.
On July 3, 2017, Northwest filed a motion to compel against Senter and WRMC. Senter's and WRMC's responses asserted that the requested information was protected by the physician-patient privilege. A motion-to-compel hearing was held on September 7, 2017. At the conclusion of the hearing, the circuit court orally granted Northwest's motion, finding that the physician-patient privilege "could be overcome" with an order of protection because the medical information sought by Northwest was essential to its cause of action against Senter. After finding that the privilege could be overcome, the circuit court then found that there would be no basis for the privilege if the nonparty patients' names were not identified.
But I don't see any basis for privilege if that person is never identified, how in the world you could say that their privilege was violated, if that person is never identified. You can't. Because who would come forward and say my privilege was violated and you say, how do you know? Well, I don't, but it could have been. I mean, I don't see any way, if you do it that way, because they'll never know who that person was.
On November 21, 2017, the circuit court entered an order granting Northwest's motion to compel. The order states:
2. For the reasons set forth from the bench at the hearing on the Motion, the Court finds that the Motion should be and hereby is granted as follows.
3. WRMC is to produce to Northwest the following: for the time period commencing from when Dr. Senter became employed by WRMC until January 19, 2017 ... a list of each type of procedure and medical service he has performed while with WRMC, and for each such procedure and service, the number of times he performed it.
4. In addition, for the time period commencing from when Dr. Senter became employed by WRMC until January 19, 2017, WRMC is to produce Northwest the following: a list of patients (whose names can be replaced by using a generic number in order to protect their identity) seen or treated by Dr. Senter during his employment at WRMC that he also saw or treated while he was employed with Northwest, and for each such patient, the type of procedure and medical service they received *243 from Dr. Senter. In determining which patients have been seen or treated by Dr. Senter at both Northwest and WRMC during this time period, WRMC is to review its internal records and compare those against both the list of patients provided to it by Dr. Senter on the thumb drive as well as the list provided to WRMC by Boston Scientific (a copy of which has been produced by WRMC in response to Northwest's Subpoena).As an alternative to the foregoing, WRMC may elect to provide the following : a list of patients seen or treated by Dr. Senter during the first full year of his employment at WRMC.
5. All information and documentation produced pursuant to this Order is subject to the Protective Order entered in this case.
(Emphasis in original.) This appeal followed.
Rule 2(f)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that a petitioner may seek the supreme court's permission to file an interlocutory appeal from certain discovery orders involving the defense of a privilege. Entergy Ark., Inc. v. Francis , 2018 Ark. App. 250, at 2, 549 S.W.3d 362, 364. The rule provides that the supreme court's discretion to grant permission is guided by six factors, including (1) the need to prevent irreparable injury; (2) the likelihood that the petitioner's claim of privilege or protection will be sustained; (3) the likelihood that an immediate appeal will delay a scheduled trial date; (4) the diligence of the parties in seeking or resisting an order compelling the discovery in the circuit court; (5) the circuit court's written statement of reasons supporting or opposing immediate review; and (6) any conflict with precedent or other controlling authority as to which there is substantial ground for difference of opinion. Id. , 549 S.W.3d at 364 (citing Ark. R. App. P.-Civ. (2)(f)(1) (2017) ). If the supreme court allows the appeal, the petitioner must file a timely notice of appeal and an appellate record. Ark. R. App. P.-Civ. (2)(f)(3).
In the present case, WRMC filed a timely Rule 2(f) petition to appeal from the circuit court's order granting Northwest's motion to compel. On January 11, 2018, the supreme court granted permission and transferred the appeal to our court. Our jurisdiction, therefore, is pursuant to Rule 1-2(d) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, which provides that the supreme court may transfer to the court of appeals any case appealed to the supreme court. Entergy Ark. , 2018 Ark. App. 250, at 3, 549 S.W.3d at 364-65.
A circuit court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed on appeal absent an abuse of discretion that is prejudicial to the appealing party. Gerber Prods. Co. v. CECO Concrete Constr., LLC , 2017 Ark. App. 568, at 6, 533 S.W.3d 139, 143. To have abused its discretion, the circuit court must have not only made an error in its decision but also must have acted improvidently, thoughtlessly, or without due consideration. Id. , 533 S.W.3d at 143.
At issue in this case is Arkansas Rule of Evidence 503. Our supreme court has held that when it construes a court rule, the appropriate appellate review is de novo. Evins v. Carvin , 2013 Ark. App. 185, at 7, 426 S.W.3d 549, 554. Our court is not bound by the circuit court's interpretation of a statute or court rule, but "in the absence of a showing that the trial court erred in its interpretation ... that interpretation will be accepted as correct on appeal." Id. , 426 S.W.3d at 554.
*244 When we construe a court rule, we use the same means and canons of construction that we use to interpret statutes. Id. , 426 S.W.3d at 554. In considering the meaning and effect of a statute or rule, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id. , 426 S.W.3d at 554. The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the drafting body. Id. , 426 S.W.3d at 554. In ascertaining the drafter's intent, we often examine the history of the statute or rule involved, as well as the contemporaneous conditions at the time of its enactment, the consequences of interpretation, and all other matters of common knowledge within the court's jurisdiction. Id. at 7-8, 426 S.W.3d at 554.
WRMC argues on appeal that it is entitled to claim the Rule 503 physician-patient privilege on behalf of the nonparty patients, that the privilege prohibits the discovery of its nonparty patients' medical records, and that Northwest's discovery requests in support of its case against Senter must yield to WRMC's patients' absolute privilege. WRMC also contends that none of the exceptions stated in Rule 503 apply and that the Rule 503 privilege was not waived. Finally, WRMC argues that Rule 503 and its more stringent patient-privacy protections trump federal HIPAA law.
With respect to WRMC's appeal, we hold that WRMC's first argument-whether it is entitled to claim the Rule 503 privilege-is dispositive.
Rule 503 provides:
(b) General Rule of Privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing his medical records or confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.
(c) Who May Claim the Privilege. The privilege may be claimed by the patient, his guardian or conservator, or the personal representative of a deceased patient. The person who was the physician or psychotherapist at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the patient.
Ark. R. Evid. 503(b), (c) (2017). The policy behind the physician-patient privilege is to encourage patients to communicate openly with their physicians and to prevent the physicians from revealing the infirmities of the patient. Finney v. State , 3 Ark. App. 180, 182, 623 S.W.2d 847, 848 (1981). The burden of showing that a privilege applies is upon the party asserting it. Kinkead v. Union Nat'l Bank , 51 Ark. App. 4, 11, 907 S.W.2d 154, 158 (1995).
Giving the words of Rule 503 their ordinary and usually accepted meaning in common language, we hold that the privilege does not apply in this circumstance because WRMC is not entitled to claim the privilege. Rule 503 expressly states that the privilege may be claimed by the patient or the patient's physician at the time of the communication. Ark. R. Evid. 503(c). The rule defines a "patient" as a person who consults or is examined or interviewed by a physician or psychotherapist, and it defines a "physician" as a person authorized to practice medicine in any state or nation, or reasonably believed by the patient *245 so to be. Ark. R. Evid. 503(a)(1), (2). These definitions do not include WRMC.[2]
Further, WRMC did not argue below and does not argue on appeal that as Senter's employer it is entitled to assert the physician-patient privilege based on agency principles. Rather, WRMC concedes that the privilege belongs to the patient yet claims that it is the proper party to assert it on behalf of the patient. However, under Rule 503, it is not. The privilege belongs to patients and their physicians who are presumed to have the authority to claim the privilege. Ark. R. Evid. 503(b) ; McKenzie v. Pierce , 2012 Ark. 190, at 7, 403 S.W.3d 565, 570 (stating that the Rule 503 privilege belongs to the patient). Because WRMC is not entitled to claim the privilege on behalf of the nonparty patients and because it is not a "physician" under the rule, the privilege does not apply. Accordingly, we affirm the circuit court's order granting Northwest's motion to compel.[3] While our holding is not the basis of the circuit court's ruling when it granted Northwest's motion to compel; nevertheless, we can affirm the circuit court's ruling on the basis that it reached the right result though it announced the wrong reason. Wyatt v. Wyatt , 2018 Ark. App. 177, at 9, 545 S.W.3d 796, 802 (citing Dunn v. Westbrook , 334 Ark. 83, 971 S.W.2d 252 (1998) ).
For these reasons, we affirm the circuit court's order granting Northwest's *246 motion to compel.[4]
Affirmed.
Glover and Hixson, JJ., agree.

Senter has filed an "appellee brief"; however, he has aligned himself with the position of WRMC-the appellant-in seeking reversal of the circuit court's order compelling discovery, claiming that he properly asserted the privilege on behalf of his patients. We decline to address his brief for two reasons. The first is because he did not file a notice of appeal as required by Arkansas Rule of Appellate Procedure 3(b) (2017), and he is, therefore, not an appellant in this case. Senter is an appellee, but he also failed to file a notice of cross-appeal as required by the same rule. Id. When there is no notice of cross-appeal, we will not consider the issue raised by an appellee. Egg City of Ark., Inc. v. Rushing , 304 Ark. 562, 566, 803 S.W.2d 920, 923 (1991) (citing Elcare, Inc. v. Gocio , 267 Ark. 605, 593 S.W.2d 159 (1980) ); Slaton v. Slaton , 336 Ark. 211, 219-20, 983 S.W.2d 951, 956 (1999) (declining to address appellee's claim for additional affirmative relief on appeal because the record contained no notice of cross-appeal filed by appellee). Second, Senter's "appellee brief" is untimely. His brief, which advances the arguments of the appellant WRMC, was filed one month after the due date for the appellant's brief. Instead, Senter filed his brief in accordance with the appellee's brief due date, which prevented Northwest from being able to respond to Senter's arguments and is inherently unfair. Ark. Cty. v. Desha Cty. , 342 Ark. 135, 139-40, 27 S.W.3d 379, 382 (2000) (striking appellee's brief as untimely because it failed to file either a notice of appeal or a notice of cross-appeal, and it filed a brief advancing the appellant's arguments too late to give the remaining appellee an opportunity to respond); Boyle v. A.W.A., Inc. , 319 Ark. 390, 392-93, 892 S.W.2d 242, 244 (1995) (same).

We acknowledge that WRMC's nonparty patients are unaware of Northwest's request for their medical records, and accordingly, these patients have not had the opportunity to assert the privilege. Importantly, our holding does not expose the nonparty patients to having their private medical information disclosed without appropriate protections in place. WRMC, Senter, and Northwest agreed at the motion-to-compel hearing that federal protections under HIPAA apply to the nonparty patients' medical information. The purpose of HIPAA is to increase privacy surrounding a patient's medical records. White v. State , 370 Ark. 284, 291, 259 S.W.3d 410, 415 (2007). While HIPAA seeks to establish medical-privacy standards, there are exceptions within the act. The disclosure of protected health information is permitted in the course of any judicial proceeding in response to an order of a court provided that the covered entity discloses only the protected health information expressly authorized by such order. 45 C.F.R. § 164.512(a), (e)(1)(i). As stated, the circuit court had previously entered a protective order related to the medical records at issue in this case.

Based on our holding that WRMC is not the entitled to claim the Rule 503 privilege, we need not address WRMC's other Rule 503 arguments.