Cite as 2024 Ark. App. 595

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-23-371

| | |
|---|---|
| FIDELITY LIFE ASSOCIATION, A LEGAL RESERVE LIFE INSURANCE COMPANY<br><br>APPELLANT<br><br>V.<br><br>DIENICE L. NELSON<br><br>APPELLEE | Opinion Delivered: December 4, 2024<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CV-21-21]<br><br>HONORABLE DANNY GLOVER, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**CINDY GRACE THYER, Judge**

Fidelity Life Association (Fidelity Life), a legal reserve life insurance company, appeals a Phillips County Circuit Court order denying its motion to dismiss on res judicata grounds. Because a denial of a motion to dismiss is not a final, appealable order, we must dismiss for lack of jurisdiction.

Dennis Lee Nelson, Sr. was killed in a one-car rollover accident in Arkansas in August 2014. At the time of his death, he had in place a $500,000 accidental death policy issued by Fidelity Life with his daughter, Dienice L. Nelson, named as the designated beneficiary. Upon Dennis's death, Dienice, in compliance with the provisions of the policy, filed a claim for benefits under the policy.

During Fidelity Life's investigation of the claim, it discovered that Dennis had a blood-alcohol level of .179, which was more than twice the legal limit. In light of this information, Fidelity Life denied the claim under the intoxication exclusion[1] of the policy.

As a result of the denial, Dienice brought suit against Fidelity Life in Illinois, where she resided and where Fidelity Life is organized and maintains its principal place of business. She asserted that there was insufficient proof that Dennis's blood-alcohol level directly or indirectly caused his death; thus, the intoxication exclusion relied on by Fidelity Life did not apply. Instead, she claimed a partial tread separation on the left rear tire caused Dennis to lose control of the vehicle. In addition to demanding payment under the policy, Dienice sought penalties, interest, and attorney's fees from Fidelity Life for acting in bad faith in denying her claim.

After a trial on the merits, the Illinois court concluded that Dennis's death was an accidental death covered under the policy and that Fidelity Life had failed to prove that his death fell within the exclusion. It found, however, that there was a conflict between Arkansas and Illinois law as to when attorney's fees and penalties were recoverable in an action alleging

---

[1]The policy stated:

> No Accidental Death Benefit or Travel Benefit will be payable if the Insured's death results directly or indirectly from any of these causes.

> . . . .

> g. Blood Alcohol: Death while the Insured is operating a motor vehicle and is determined to have a blood alcohol level exceeding the legal limit as defined by state law.

bad faith. Finding that the Arkansas statutes were procedural rather than substantive, the court applied Illinois law and rejected Dienice's bad-faith claims. Accordingly, on March 5, 2020, the Illinois circuit court entered an order awarding Dienice the policy limits of $500,000 plus postjudgment interest and the costs of the suit. Thereafter, Dienice filed a motion to modify the Illinois judgment, claiming she was entitled to prejudgment interest. The Illinois court denied her motion on May 26, 2020.

On July 31, 2020, Fidelity Life issued a check to Dienice in the amount of $518,616.39 in satisfaction of the judgment, and on August 11, 2020, Dienice filed a full satisfaction and release of judgment, bringing the Illinois lawsuit to a close.[2] Dienice did not appeal either the March 5 judgment or the May 26 order denying her posttrial motion.

Instead, on February 9, 2021, Dienice filed the instant action in the Phillips County Circuit Court, seeking contractual damages for prejudgment interest, penalties, and attorney's fees under Arkansas law because of Fidelity Life's failure to timely pay on the policy. She claimed she was entitled to $222,246.58 in prejudgment interest; $60,000 in penalties; and $153,535.39 in attorney's fees, of which $147,205.98 was paid on a contingency basis from her recovery.

Fidelity Life moved to dismiss Dienice's complaint on res judicata grounds, contending that Dienice's entitlement to prejudgment interest and contractual damages had been decided by the court in the Illinois action. Fidelity asserted that Dienice had chosen

---

[2]The release is not contained in our record.

3

not to appeal the Illinois court ruling; that it had paid the judgment; and that Dienice had vigorously litigated her entitlement (1) to benefits under the contract; (2) to prejudgment interest under Arkansas and Illinois law; and (3) to attorney's fees and the 12 percent penalty under section 23-79-208(a)(1) (Repl. 2014). Thus, res judicata should apply.

Dienice responded, denying that res judicata applied to bar her claim and arguing that the Illinois court had never ruled on the issue of whether Fidelity Life was liable for attorney's fees, penalties, or interest under Arkansas law or under the policy language promising conformity with Arkansas law. As such, the court's decision did not relieve Fidelity Life of its contractual obligations under Arkansas law.

The circuit court held a hearing on the motion to dismiss the Arkansas litigation on August 31, 2022. After hearing the arguments of counsel, the court ordered the parties to mediation. When mediation failed, the court issued its ruling denying the motion to dismiss. In the letter opinion incorporated therein, the court stated that it was uncomfortable summarily dismissing the case outright at that juncture but that it might reconsider Fidelity Life's res judicata defense at the conclusion of the proof offered at trial.

Fidelity Life filed a timely notice of appeal from the order denying its motion to dismiss. In response, Dienice moved to dismiss the appeal with this court, asserting that the circuit court's order denying the motion to dismiss on res judicata grounds was not a final, appealable order for purposes of Arkansas Rule of Appellate–Civil 2. She further argues that this is not one of the categories of interlocutory appeals recognized and allowed by Rule 2

and that, even if it were, the order in this case was not final because the circuit court left open the issue for reconsideration once the facts were more fully developed below.

Fidelity Life responded, denying that appellate jurisdiction is lacking. Fidelity Life claims that its appeal is based on Rule 2(a)(2) of the Arkansas Rules of Appellate Procedure–Civil, which permits an appeal to be taken from an interlocutory order determining an action and preventing a judgment from which an appeal might be taken. Fidelity Life further argues that Rule 2(a)(2) does not provide an exhaustive list of appealable orders, and it claims that the purpose of res judicata is to prevent the possibility that a defendant will twice have to defend against the same claim by the same plaintiff, and a denial of a motion to dismiss on res judicata grounds frustrates that purpose by forcing the defendant to defend the action once again. It analogizes this appeal to interlocutory appeals where motions to dismiss are denied on double-jeopardy or immunity grounds.

We disagree. Rule 2 of the Arkansas Rules of Appellate Procedure–Civil (2023) lists the orders from which an appeal may be taken. An appeal from a motion to dismiss on res judicata grounds is not one of the enumerated orders from which an appeal may be taken.

Generally, a party may appeal an order that dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *See Plunk v. State*, 2012 Ark. 362 (per curiam); *Evins v. Carvin*, 2013 Ark. App. 185, 426 S.W.3d 549. Our supreme court has held that when a circuit court denies a defendant's motion to dismiss, the denial is not a final judgment from which an appeal may be taken because the only matter disposed of by the order is that the case should proceed to

5

trial, and those matters put in issue are not lost by continuing to a trial of the matter. *See Plunk*, *supra*; *Evins*, *supra*; *see also C.P. v. State*, 2011 Ark. App. 415, at 2 ("We have long held that the denial of a motion to dismiss is not an appealable order."). Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *See Plunk*, *supra*; *Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996).

Our supreme court could have included an immediate appeal from a dismissal on res judicata grounds, but it has not seen fit to do so. In fact, our supreme court seemingly addressed this issue in *United American Insurance Co. v. Smith*, 2010 Ark. 468, 371 S.W.3d 685. In that case, the supreme court was dealing with an appeal from class certification. The appellant argued that an application of res judicata would have defeated the numerosity necessary to certify the class. The supreme court first noted that a determination of whether res judicata applied to the claims asserted against the appellant would require the court to evaluate the merits of the affirmative defense, which it does not do on an appeal from class certification. It then stated that whether the claims asserted by appellees against appellant Heartland were barred by the doctrine of res judicata had been ruled on by the circuit court when it denied Heartland's motion for summary judgment and noted that our law did not permit Heartland to file an interlocutory appeal from that denial. Rather, our supreme court held that such an argument must be taken up on direct appeal after a final order has been entered. *United Am. Ins. Co.*, 2010 Ark. 468, 371 S.W.3d 685. Thus, it appears our supreme court has already spoken on this issue.

Fidelity Life also claims that this case fits within the "*Gipson*" exception articulated in *Gipson v. Brown*, 288 Ark. 422, 706 S.W.2d 369 (1986). Again, we disagree.

*Gipson* involved a lawsuit filed by several church members seeking disclosure of financial data and other business information related to their church and that involved constitutional religious protections. In prosecuting the lawsuit, the members sought discovery of the financial data and business information that was the subject of the lawsuit. The court ordered the materials disclosed as part of discovery. An interlocutory appeal from that order was taken. Our supreme court found that since the discovery sought disclosure of the very records and financial information that was the object of the lawsuit, the discovery order was the equivalent of a decision on the merits.

That is not the case here. The court's order in this case denying the motion to dismiss is not the equivalent of a decision on the merits. In fact, the court specifically reserved the right to revisit the issue after a trial on the merits. Because the circuit court's denial of Fidelity Life's motion to dismiss did not conclude the matters between the parties or discharge anyone from the litigation, its claim in this regard is not currently appealable, thereby depriving us of the jurisdiction to entertain their arguments at this time.

Even if our court permitted an appeal from the denial of a motion to dismiss on res judicata grounds, it is apparent that the order before us is not a final order. In its order, the circuit court expressed its concern that the prior Illinois order did not clearly state whether the issues of attorney's fees, penalties, and prejudgment interest had been fully adjudicated

7

there. As a result, it expressly reserved the right to reconsider the merits of Fidelity Life's res judicata defense at the conclusion of the proof offered at trial.

Therefore, for the reasons set forth above, we dismiss the appeal without prejudice on jurisdictional grounds.

Dismissed without prejudice.

KLAPPENBACH and WOOD, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*; and *Faegre Drinker Biddle & Reath LLP*, by: *Jason P. Gosselin* and *John Bloor*, for appellant.

*Daggett & Perry, PLLC*, by: *Joe R. Perry* and *Jesse B. Daggett*; and *Pollack Law Firm*, by: *Steven B. Pollack*, for appellee.